In the
United States Court of Appeals
For the Seventh Circuit

No. 00-2866

JOSE ROMO, MARGARITA ROMO, ELIDA ROMO,
a minor, by and through her father and next
friend JOSE ROMO, ALICIA J. CONTRERAS, and
MARIA LIMON,

Plaintiffs-Appellants,

v.

GULF STREAM COACH, INCORPORATED, an
Indiana corporation, and MONOGRAM
CONVERSIONS, INCORPORATED, an Indiana
corporation f/k/a MONOGRAM CONQUEST
CONVERSIONS,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 00 C 462 -James B. Zagel, Judge.

ARGUED FEBRUARY 23, 2001--DECIDED MAY 21, 2001


  Before FLAUM, Chief Judge, and RIPPLE and
WILLIAMS, Circuit Judges.

  RIPPLE, Circuit Judge.  After sustaining
injuries in a car accident, the
appellants (collectively "the Romos")
filed suit in Illinois state court
against Gulf Stream Coach and Monogram
Conversions ("Gulf Stream"). Gulf Stream
removed the case to federal court and
then filed a motion to dismiss. In the
motion, it maintained that the Romos did
not serve process within 120 days of
filing the complaint, as required by Fed.
R. Civ. P. 4(m), or, in the alternative,
that the Romos had failed to exercise
reasonable diligence when serving
process, as required by Illinois Supreme
Court Rule 103(b). The district court
granted the motion to dismiss and refused
the Romos' subsequent motion for relief
from the order. The Romos now appeal. For
the reasons set forth in the following
opinion, we affirm the judgment of the
district court.


I

BACKGROUND

The Romos sustained injuries on May 26, 1997, when the rear bench of their 1988 Chevrolet van tore loose from its brackets upon collision with another vehicle. On May 26, 1999, the Romos filed suit in the Circuit Court of Cook County, Illinois, against Gulf Stream, alleging that Gulf Stream's negligence in the design and manufacture of the seat mountings, brackets, and track system caused the injuries. On the same day, a summons was issued to Gulf Stream and sent to the sheriff of Elkhart County, Indiana.

At a case management conference in December 1999, the Romos discovered that the summons never had been served./1 The Romos then filed an alias summons and sent it again to the Elkhart County sheriff for service. Gulf Stream was served with the alias summons in January 2000.

During the same month, the case was removed to federal district court upon Gulf Stream's motion. On March 20, 2000, Gulf Stream filed a motion to dismiss the Romos' complaint on the alternative grounds that the Romos (1) did not serve process within 120 days of filing the complaint, as required by Fed. R. Civ. P. 4(m) or (2) had failed to exercise reasonable diligence in their service, as required by Illinois Supreme Court Rule 103(b). Grounding its decision on Rule 4(m), the district court granted the motion; it held that the Romos had not effectuated service within 120 days and that no good cause excused the delay./2

Relying on Rule 60(b)(6) of the Federal Rules of Civil Procedure, the Romos later moved for relief from the district court's order of dismissal. The Romos argued that the district court had erred in holding that Rule 4(m) governed the service of the complaint. They asserted that only state procedural rules governed service effectuated prior to removal. The district court denied the Rule 60(b)(6) motion. Although it acknowledged that it should have applied state, and not federal, law to assess the Romos' diligence in serving process prior to removal, it noted that the application of state law still would have resulted in the dismissal of the complaint. Thus, the

court determined that its failure to apply state law did not constitute an exceptional circumstance warranting relief under Rule 60(b)(6)./3

II

ANALYSIS

In this court, both parties agree that the district court erred when it initially held that Rule 4(m) governed its consideration of the motion to dismiss the complaint. They are correct. The Federal Rules make clear that they do not apply to filings in state court, even if the case is later removed to federal court. See Fed. R. Civ. P. 81(c) (Federal Rules govern in removal cases only "after removal"); Alber v. Illinois Dep't of Mental Health and Developmental Disabilities, 786 F. Supp. 1340, 1376 (N.D. Ill. 1992) ("No federal interest in a case arises until the date of removal, and there is no reason why federal procedural rules should be thought to apply until such an interest arises.").

The parties do disagree, however, as to the applicability of Illinois Supreme Court Rule 103(b)/4 to the case. The Romos claim that the rule has no place in federal court because it is procedural and that Gulf Stream should have raised any challenge to service in state court before removing the case. Gulf Stream asserts in reply that the state rule is the proper tool to test the diligence of service effectuated prior to removal.

We agree with Gulf Stream and conclude that federal courts may apply state procedural rules to pre-removal conduct. Although we have not had occasion to address this issue in the precise context now presented, the timeliness of service of process, we have addressed it in a closely analogous context, at least in passing. See Allen v. Ferguson, 791 F.2d 611, 616 n.8 (7th Cir. 1986) ("In determining the validity of service prior to removal, a federal court must apply the law of the state under which the service was made . . . .").

We note, too, that other federal courts have dealt with the same or similar issues, and their opinions provide useful guidance for our decision today. In McKenna v. Beezy, 130 F.R.D. 655 (N.D.

Ill. 1989), for example, the district court applied Illinois law to dismiss the plaintiffs' complaint for their lack of diligence in serving it. In that case, because the action was filed originally in state court and the conduct in question occurred prior to removal, the court applied Illinois law rather than Rule 4(m). See id. at 656. The Eleventh Circuit has noted that a federal court may review, after removal, the sufficiency of process by looking to state law. See Usatorres v. Marina Mercante Nicaraguenses, S.A., 768 F.2d 1285, 1286 n.1 (11th Cir. 1985).

Our conclusion here is consonant with our previous determination that a federal court may not apply Rule 11 to sanction the signer of a paper filed in state court. See, e.g., Bisciglia v. Kenosha Unified Sch. Dist. No. 1, 45 F.3d 223, 226-27 (7th Cir. 1995); Burda v. M. Ecker Co., 954 F.2d 434, 440 n.7 (7th Cir. 1992); Schoenberger v. Oselka, 909 F.2d 1086, 1087 (7th Cir. 1990)./5

The district court therefore committed no error in applying the state procedural rule. To hold otherwise would render the federal courts powerless to address the timeliness of service after removal.

Conclusion

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED

FOOTNOTES

/1 The record does not indicate why service was never made on Gulf Stream.

/2 The court explained that it had relied upon the Federal Rules because both parties agreed that they applied. In their submission to that court, however, the Romos had contended that both Rule 4(m) and Rule 103(b) were inapplicable.

/3 The Romos styled the motion as one for relief from the district court's order under Fed. R. Civ. P. 60(b)(6), and the district court decided the motion on that basis. It found no exceptional circumstances that would justify reopening the judgment because the same result would have been reached under the state rule.

We note that the motion was filed within 10

days after entry of the order. Under the law of this circuit, therefore, the motion must be characterized as a motion to reconsider pursuant to Fed. R. Civ. P. 59(e). See United States v. Deutsch, 981 F.2d 299, 301 (7th Cir. 1992) (noting that this court has adopted the bright-line rule that all substantive motions filed within 10 days of the entry of judgment be treated under Rule 59); see also Doe v. Howe Military Sch., 227 F.3d 981, 992 (7th Cir. 2000); Charles v. Daley, 799 F.2d 343, 347 (7th Cir. 1986). Although both Rules 59(e) and 60(b) have similar goals of erasing the finality of a judgment and permitting further proceedings, Rule 59(e) generally requires a lower threshold of proof than does Rule 60(b). See Helm v. Resolution Trust Corp., 43 F.3d 1163, 1166 (7th Cir. 1995); see also Ball v. City of Chicago, 2 F.3d 752, 760 (7th Cir. 1993) (distinguishing the "exacting standard" of Rule 60(b) from the "more liberal standard" of Rule 59(e)). Instead of the exceptional circumstances required to prevail under Rule 60(b), Rule 59(e) requires that the moving party clearly establish a manifest error of law or an intervening change in the controlling law or present newly discovered evidence. See Cosgrove v. Bartolotta, 150 F.3d 729, 732 (7th Cir. 1998). Under either standard, our appellate review is deferential. See Figgie Int'l, Inc. v. Miller, 966 F.2d 1178, 1179 (7th Cir. 1992) (setting forth an abuse-of-discretion standard for review of rulings under Rule 59(e)); Lee v. Village of River Forest, 936 F.2d 976, 979 (7th Cir. 1991) (same for Rule 60(b)).

We do not believe that the Romos could have fared any better under the more hospitable standard of Rule 59(e). The Romos served the complaint almost eight months after it was filed, even though Gulf Stream at all times was doing business in Indiana and never changed locations. The Romos also knew Gulf Stream's location. Moreover, as we have noted, "[i]f a litigant wants the benefit of whatever lower threshold of proof Rule 59(e) may offer, it behooves him to indicate that his motion is under Rule 59(e)." Ball, 2 F.3d at 760.

/4 Supreme Court Rule 103(b) provides:

Dismissal for Lack of Diligence. If the plaintiff fails to exercise reasonable diligence to obtain service on a defendant, the action as to that defendant may be dismissed without prejudice, with the right to refile if the statute of limitation has not run. The dismissal may be made on the application of any defendant or on the court's own motion.

/5 Other circuits agree. See Tompkins v. Cyr, 202

F.3d 770, 787 (5th Cir. 2000); Griffen v. City of Oklahoma City, 3 F.3d 336, 339 (10th Cir. 1993).