**Richard DODD, Plaintiff–Appellant,**

v.

**Tim CORBETT, et al., Defendants–Appellees.**

**No. 01–2458.**

United States Court of Appeals, Seventh Circuit.

Submitted April 22, 2002.*

Decided June 24, 2002.

Before FAIRCHILD, ROVNER, EVANS, Circuit Judges.

## ORDER

Richard Dodd appeals the entry of summary judgment on his Fourth Amendment excessive force claim brought against Indiana police officers. Dodd contends that in granting summary judgment the district court erroneously struck the declaration he submitted in opposing summary judgment. He also argues that the district court erroneously denied his motion to reconsider the order striking his declaration. We reverse.

Dodd's complaint alleges that in December 1997 he was chased by St. Joseph County, Indiana, police officers. After three to four hours of running, Dodd's asthma made breathing difficult, so he surrendered to the officers. He offered no resistance, he says, but the officers sprayed him with pepper spray, aggravating his asthma attack. The officers then hit and kicked Dodd repeatedly, and a canine officer ordered his dog to attack. Dodd was arrested and ultimately incarcerated at Pendleton Correctional Facility in Indiana for burglary and attempted murder. From Pendleton he filed a *pro se* complaint in October 1999 under 42 U.S.C. § 1983.

The defendants moved for summary judgment in January 2001. In accordance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir.1982), the district court notified Dodd that summary judgment would be entered against him if he did not respond to the motion. Dodd moved to extend his re-

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

sponse deadline by 30 days, explaining that a lockdown was preventing him from using the prison's law library, and the court gave him more time. Dodd then filed his response, attaching several exhibits including his own unsworn "affidavit" (a declaration, more accurately) bearing his signature below a representation that "[t]his statement is true and correct to the best of my knowledge."

The defendants then moved to strike portions of Dodd's response, arguing among other things that his declaration was inadmissible because it failed to satisfy 28 U.S.C. § 1746, which permits an unsworn declaration to substitute for an affidavit only if executed "under penalty of perjury." The defendants also argued that none of Dodd's other documents were properly authenticated and that the medical records he submitted were inadmissible hearsay. Dodd responded by asking the district court not to "nitpick" his filings and argued that he was unable to research adequately because his cellblock was on lockdown for most of the time allotted for his response. Dodd did not, however, seek more time to correct any of the deficiencies described by the defendants.

In a single order the district court granted the defendants' motion to strike and then entered summary judgment. The court ruled Dodd's declaration inadmissible because it was not executed under penalty of perjury, and agreed with the defendants that his other documents were unauthenticated. The court added that it would have granted Dodd the time to correct the defects except that he never requested an extension. Left, then, with only the defendants' uncontroverted submissions, the court held that no reasonable factfinder could decide that the officers used unreasonable force in subduing and handcuffing Dodd. Dodd then asked the court to reconsider its decision in what he

labeled a motion under Fed.R.Civ.P. 60(b) and filed this appeal from the grant of summary judgment while his motion remained pending. But Dodd's postjudgment motion was filed within ten business days of the entry of judgment and thus was in fact a motion under Fed. R.Civ.P. 59(e) to alter or amend judgment. *See Romo v. Gulf Stream Coach, Inc.,* 250 F.3d 1119, 1121 n. 3 (7th Cir.2001). The district court, however, overlooked the timing and treated Dodd's motion as one under Rule 60(b) and denied it.

Dodd first argues that the district court improperly granted the defendants' motion to strike his declaration and that he instead should have been given the opportunity to cure the document's defects. We agree. Although "pro se litigants are not entitled to a general dispensation from the rules of procedure," *Jones v. Phipps,* 39 F.3d 158, 163 (7th Cir.1994), the defendants' motion to strike informed Dodd only that his declaration contained an "improper jurat," a hopelessly technical term for a pro se plaintiff to comprehend. Dodd therefore should have been granted the opportunity to correct the defects in his declaration.

Dodd also argues that the district court incorrectly denied his postjudgment motion. But Dodd's motion, though mislabeled and misconstrued by the district court as one for relief from judgment under Fed.R.Civ.P. 60(b), is not properly before us. Rather, we lack jurisdiction to review the denial of this motion because Dodd did not amend his notice of appeal or file a new notice of appeal as required by Fed. R.App. P. 4(a)(4)(B)(ii). *See Miles v. General Motors Corp.,* 262 F.3d 720, 722–23 (8th Cir.2001); *United States v. McGlory,* 202 F.3d 664, 668 (3d Cir.2000) (*en banc*); 26A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction

**414**

§ 3950.4 (3d ed. 1999) ("[T]he early notice of appeal must be amended if the appellant wishes to challenge disposition of any of the posttrial motions.").

The judgment of the district court is REVERSED and REMANDED for further proceedings consistent with this order.