**Derrick B. TARTT, Plaintiff–Appellant,**

v.

**NORTHWEST COMMUNITY HOSPITAL and Northwest Suburban Anesthesiologists, Ltd., Defendants–Appellees.**

No. 03–1558.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 9, 2003.*

Decided Oct. 21, 2003.

Rehearing Denied Nov. 18, 2003.

Before RIPPLE, MANION, and WILLIAMS, Circuit Judges.

ORDER

Derrick Tartt, a physician, seeks to recover for alleged employment discrimination from his former employer, Northwest Suburban Anesthesiologists, Ltd. ("NSA"), and from Northwest Community Hospital ("the Hospital"), where he practiced while employed by NSA. In this appeal Dr. Tartt contends that the district court erred in denying his motion under FED. R. CIV. P. 60(b) to reconsider its order dismissing one of his two lawsuits against these defendants. We vacate the order denying

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R.APP. P. 34(a)(2).

Dr. Tartt's motion to reconsider and remand for further proceedings.

In December 2000, Dr. Tartt, acting *pro se,* filed two essentially identical lawsuits in the United States District Court for the Northern District of Illinois. Case No. 00–C–7959 alleged claims against NSA, while Case No. 00–C–7960 alleged the same claims against both NSA and the Hospital. Pursuant to motions by NSA and the Hospital, the district court dismissed both of Dr. Tartt's complaints, but granted him leave to amend. Dr. Tartt, still acting *pro se,* filed amended complaints in both cases. In April 2001 the Hospital filed another motion to dismiss in Case No. 00–C–7960. The next month NSA filed motions to dismiss in both cases.

In a minute order dated February 20, 2002, the district court denied the pending motions to dismiss, explaining that the complaints, construed liberally, were sufficient to put the defendants on notice. The court did not address the substantive arguments raised in the motions. In another minute order issued that same day, however, the district court noted that the amended complaints seemed redundant and ordered Dr. Tartt, who by this point had retained attorney Wyvonnia Bridgeforth, to show cause why one of them should not be dismissed. Dr. Tartt did not respond, but the defendants filed a joint motion asking the court to dismiss Case No. 00–C–7960. The joint motion further requested that the court order Dr. Tartt to file an amended complaint in whichever case was not dismissed or, in the alternative, to dismiss the remaining case under FED. R. CIV. P. 12(b)(6). Dr. Tartt did not respond to the defendants' motion.

By minute order dated May 30, 2002, the district court granted the defendants' motion in part and dismissed Case No. 00–C–7960, the action that named as defendants both NSA and the Hospital. The court granted Dr. Tartt's motion to file an amended complaint in Case No. 00–C–7959 and denied the defendants' alternative motion to dismiss that case for failure to state a claim. Judgment was entered in Case No. 00–C–7960 on June 3, 2002. On June 26, Dr. Tartt, through counsel, filed what he styled as a motion to reconsider.

Dr. Tartt's motion states that the dismissal of the Hospital seriously hampers his ability to provide the court with a "full picture ... of the joint actions" of the Hospital and NSA. The motion alludes to testimony from a June 13, 2002, hospital hearing regarding the Board of Directors' decision not to reappoint Dr. Tartt to the Hospital's staff. The motion includes as exhibits Dr. Tartt's April 1997 amended employment contract with NSA, an October 2000 letter of mutual agreement granting NSA the exclusive right to provide anesthesia services at the Hospital, and a June 5, 2002, fax to Ms. Bridgeforth regarding the June 13 administrative hearing. The motion does not cite any cases or identify the Federal Rule of Civil Procedure under which it was being filed. The court ordered the defendants to respond to the motion by July 19, 2002. The Hospital responded, arguing that the motion should be denied because it failed to satisfy the requirements of either FED. R. CIV. P. 59(e) or 60(b). The district court gave Dr. Tartt until August 16, 2002, to file a reply to the Hospital's response. No reply was filed. At a September 24, 2002, status hearing, Ms. Bridgeforth represented that the motion to reconsider was being brought pursuant to Rule 60(b) and that no reply would be filed.

At the next status hearing, on November 6, 2002, Ms. Bridgeforth withdrew as counsel for Dr. Tartt. At a November 25, 2002, status hearing, James Childs, Jr., appeared on behalf of Dr. Tartt and requested leave to file an appearance, which

the court granted. The district judge stated that he would allow Mr. Childs time to review Dr. Tartt's file and added that "if there are any motions that have not been responded to timely, then it would be left to [Mr. Childs] to file a motion to file an untimely response." No. OO–C–7959: R.72 at 3. Mr. Childs and his associate, Elijah Meshiah, filed their appearances in Case No. 00–C–7959 on November 25. At a status hearing on December 10, 2002, Mr. Childs stated that he would file an appearance in Case No. 00–C–7960, but no appearance was ever filed.

On January 29, 2003, the court addressed Dr. Tartt's pending motion to reconsider. Mr. Childs stated that he had reviewed the motion, but then conceded that he "could not stand on that motion." Mr. Childs asked for leave to either amend or redo the motion entirely, but did not identify any grounds upon which he would base a revised motion. The district judge noted that motions for reconsideration, while recognized, are not favored. The judge then denied Dr. Tartt's motion, explaining that he had considered it but found nothing to suggest that the judgment should be vacated or set aside.

A minute order denying Dr. Tartt's motion was entered on January 31, 2003. On February 28, 2003, Dr. Tartt filed a *pro se* notice of appeal in Case No. 00–C–7960. We have jurisdiction pursuant to 28 U.S.C. § 1291. By order dated March 31, 2003, we limited this appeal to a review of the district court's January 31, 2003, order denying Dr. Tartt's motion to reconsider based on the fact that the motion, filed more then ten days after the entry of judgment, did not toll the time to appeal.

We have adopted the bright-line rule that "[s]ubstantive motions to alter or amend a judgment served more than ten days after the entry of judgment are to be evaluated under Rule 60(b)." *United*

*States v. Deutsch*, 981 F.2d 299, 301 (7th Cir.1992). In contrast, motions of this type that are filed within ten days of judgment are characterized under the law of this circuit as being filed pursuant to Rule 59(e). *Id.; see also Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n. 3 (7th Cir.2001). Although Rules 59(e) and 60(b) have similar goals, Rule 60(b) motions are generally subject to a higher threshold of proof. *Id.* Because Dr. Tartt's motion to reconsider was filed more than ten days after entry of judgment, we treat it as a Rule 60(b) motion. In the case of either Rule 59(e) or Rule 60(b) motions, our review is for abuse of discretion. *Id.*

Dr. Tartt focuses his appellate argument on the fact that Ms. Bridgeforth was purportedly incapacitated due to a foot injury and thus unable to file the motion to reconsider within ten days of the entry of judgment. On May 31, 2002, Ms. Bridgeforth filed an affidavit in the district court regarding her injury. Dr. Tartt argues that this affidavit should be construed as a motion for extension of time to file the motion to reconsider. However, under FED. R. CIV. P. 6(b), a district court cannot enlarge the ten-day time limit for filing a Rule 59(e) motion. Additionally, Ms. Bridgeforth represented to the court that the motion was being brought pursuant to Rule 60(b). To the extent that Dr. Tartt asserts the motion should be construed as making his notice of appeal timely under FED. R.APP. P. 4(a)(4)(A)(vi), that issue was decided in our March 31, 2003, order, and we will not revisit it here.

Nevertheless, Dr. Tartt is entitled to relief under FED. R. CIV. P. 60(b). Although the defendants, in their motion to dismiss, explained that the dismissal of Case No. 00–C–7959 "would eliminate the Hospital as a party defendant and leave Tartt to pursue any viable claims against his former employer NSA in the context of Case 7959," No. 00–C–7960: R.54 at 4–5, it

is clear that, in granting the motion, the district court acted under the misapprehension that both complaints contained the same claims against the same defendants. In its order dismissing Case No. 00–C–7960, the district court stated that it had previously noted that "Cases 00 C 7959 and 00 C 7960 are redundant of each other, with each case pleading the same claims against the same Defendants." No. OO–C–7960: R.57. The court then ruled as follows:

> Defendants have moved the court to dismiss the higher numbered case, 00 C 7960. That motion is granted. There is no need to burden the court and the parties with duplicative litigation. All parties would like Plaintiff to file an amended complaint in 00 C 7959.... Defendants will have until June 26, 2002 to answer or otherwise plead.

*Id.* Statements made by the district court at status hearings on September 24, and December 10, 2002, further reveal the district court's mistaken impression.

Mistake is a valid ground for relief under FED. R. CIV. P. 60(b)(1). Because it appears from the record that the district court erred in dismissing for redundancy Case No. 00–C–7960, the case with both defendants, rather than Case No. 00–C–7959, the case naming only NSA, we remand the case for further proceedings. Accordingly, the district court's order denying Dr. Tartt's Rule 60(b) motion is vacated and remanded. The parties shall bear their own costs in this court.

### VACATED AND REMANDED

* Appellee Zettie Cotton notified this court that he was never served with process in the district court and would not be filing a brief or otherwise participating in this appeal. After examining the appellant's brief and the rec-ord, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* Fed. R.App. P. 34(a)(2).