**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 8, 2005[1]
Decided July 13, 2005

**Before**

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-4172

| | |
|---|---|
| GLENN JOSEPH HOPKINS, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Central District of Illinois |
| *v.* | No. CV-02-3206 |
| GODFATHER'S PIZZA, INC., and BETH WRIGHT, *Defendants-Appellees.* | Jeanne E. Scott, *Judge.* |

## ORDER

In this appeal, Glenn Joseph Hopkins claims that the district court abused its discretion in denying his motion for relief from summary judgment with respect to his claims of discrimination and retaliation under the Americans with Disabilities Act (ADA).  We affirm.

---

[1] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

I

Glen Hopkins began his employment as a part-time delivery driver for Godfather's Pizza on January 19, 2001.  At the time, Godfather's Pizza was aware that Hopkins has a neuromuscular condition that limits his ability to lift and bend, and Godfather's Pizza indicated it would accommodate his disability.  In addition to delivering pizzas, Hopkins also was required to perform a variety of other tasks including mopping and scrubbing floors, performing general cleaning, washing dishes, folding boxes and helping with the trash.  If Hopkins was unable to perform any assigned task due to his disability, he generally sought – and Godfather's Pizza generally approved – an appropriate accommodation.  For example, he was excused from taking out the trash when it involved heavy lifting, and he was excused from cleaning the walls when it required balancing on a ladder.  Hopkins has no complaints about his work environment through May 10, 2001.

On May 10, 2001, Hopkins severely burned his left hand in a non-work-related incident.  He was excused from his dish washing duties on May 10-11 due to his injury, but was instructed by Store Manager Beth Wright to wash dishes on May 12.  Wright again demanded that Hopkins wash dishes on May 17, 2001.  The record is unclear as to whether Hopkins would be a dishwasher only on that date or if Wright intended the switch to be permanent.   Hopkins was concerned that his now infected hand would not allow him to physically manage a permanent transfer to the dishwasher position.  Hopkins unsuccessfully attempted to discuss his concern about the dishwasher position with Wright on May 17.

While washing dishes on May 17, Hopkins' infected hand began to bleed.  An assistant store manager advised Hopkins to leave work and seek medical attention.  On May 18, Hopkins returned to work with a doctor's note.  However, Wright informed him that he was fired for abandoning his job the previous day.  Later that day, Hopkins protested his termination to Therese Piersee, Director of Human Resources at Godfather's Pizza's corporate office.  Piersee immediately overruled Wright's decision and instructed Hopkins to return to work as a delivery driver as soon as he received his doctor's clearance to work again.

By June 6, 2001, Hopkins' hand had healed sufficiently that his doctor cleared him to work.  Hopkins returned to work on June 11 and worked 17.57 hours for the week of June 11 to June 17, 2001.  He worked 9.05 hours for the week of June 18 to June 24, 2001.  Hopkins asserts that he was only scheduled to work eight hours for the week of June 25 to July 1, 2001.  Prior to his injury, Hopkins' work hours had fluctuated from a low of 7.18 hours during the week of March 26 to April 1, 2001 to a high of 24.87 hours for the week of February 26 to March 4, 2001.  Overall, he averaged 18.47 hours per week.  Godfather's Pizza explained that Hopkins' work hours fluctuated based on the store's sales projections.

Hopkins complained to Wright about the reduction in his scheduled hours and told her he needed to work more hours to pay off an outstanding traffic ticket or risk losing his driver's license. When he complained to the Godfather's Pizza's Human Resources Department, he was informed that work schedules were within the discretion of the store manager. Believing that he would never work a sufficient number of hours at Godfather's Pizza, Hopkins submitted his voluntary resignation to Piersee on June 24, 2001. Hopkins then sent a letter of complaint to the Illinois Department of Human Rights ("IDHR") on June 25, 2001, alleging that Godfather's Pizza had retaliated against him for complaining about his working conditions and his brief termination. He filed a formal charge with the IDHR on July 17, 2001.

Hopkins initiated the present action in the United States District Court for the Central District of Illinois on August 13, 2002, alleging that Godfather's Pizza, Inc. and Beth Wright had discriminated against him based on his physical disability and retaliated against him for complaining about his working conditions in violation of the Americans with Disabilities Act (ADA). The district court entered an order on August 20, 2004 granting defendants' motion for summary judgment and denied Hopkins' cross motion for summary judgment. On September 10, Hopkins filed a Rule 60(b)(6) motion requesting relief from summary judgment. The district court entered an order denying this motion on November 16, 2004. Hopkins now appeals the district court's denial of his motion requesting relief from summary judgment.

II

The district court appeared to be unsure whether Hopkins' motion for relief should be analyzed under Federal Rule of Civil Procedure 59(e) or 60(b). Both Rules provide for relief from judgment on various grounds, but the more lenient Rule 59(e) applies only to motions filed within 10 days of the judgment at issue. *See United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992). Hopkins' initial motion for relief was filed within this 10-day period, but it was not signed until the eleventh day. However, nothing turns on the specific choice of rule. We review the district court's decision for an abuse of discretion – and Hopkins' claim for relief must fail – under either rule. *See Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001).[2]

---

[2] We note at the outset that Hopkins does not appear to include Beth Wright as an individual defendant-appellee in his brief, nor does he contest the district court's ruling that Wright, as an individual supervisor, cannot be liable for discrimination or retaliation under the ADA. But whether or not Hopkins intended to exclude Wright from the current appeal, we pause to note that the district court's ruling on this score was correct, *Silk v. City of Chi.*, 194 F.3d 788, 797 n.5 (7th Cir. 1999), and we will consider Godfather's Pizza as the sole appellee.

Hopkins' appeal alleges that the district court abused its discretion when it held that he had not made out a prima facie case of discrimination or retaliation under the ADA. To sustain either claim, Hopkins must demonstrate that he has suffered an adverse employment action. *See Dvorak v. Mostardi Platt Assocs., Inc.*, 289 F.3d 479, 483 (7th Cir. 2002) (ADA discrimination claim); *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 630 n.9 (7th Cir. 2001) (ADA retaliation claim). An adverse employment action is broadly defined as a "materially adverse change in the terms and conditions of employment." *Cerros v. Steel Techs., Inc.*, 288 F.3d 1040, 1044 (7th Cir. 2002). However, Hopkins' momentary termination and immediate reinstatement on May 18, 2001 did not alter the terms and conditions of his employment for ADA purposes. In fact the internal corporate appeals process functioned exactly as it was supposed to, reversing Hopkins' termination on the same day that it occurred. Likewise, we cannot say that the district court abused its discretion in determining that the reduction in Hopkins' hours was not an adverse employment action. Throughout the period covered by this appeal, Hopkins' hours of work were within the range of hours he typically worked in a week. In addition, he was still scheduled to work more hours than any other part-time delivery driver when he submitted his voluntary resignation. The district court did not abuse its discretion in determining that Hopkins has suffered no adverse employment action, and on this basis alone his discrimination and retaliation claims must fail.

Further, any discrimination claim based on Hopkins' injured hand fails for the additional reason that his hand injury does not qualify as a disability under the ADA. An impairment only rises to the level of a disability when its "impact [is] permanent or long term." *Toyota Motor Mfg., Ky, Inc. v. Williams*, 534 U.S. 184, 198 (2002). "Intermittent, episodic impairments are not disabilities, the standard example being a broken leg." *Vande Zande v. State of Wis. Dep't of Admin.*, 44 F.3d 538, 544 (7th Cir. 1995). Since Hopkins' injured hand healed sufficiently for him to return to work within a month, its impact was neither permanent nor long-term. The district court did not abuse its discretion by concluding that these injuries do not constitute a disability under the ADA.

Hopkins attempts to revive his claims by asserting that he was under duress when he agreed to wash dishes on May 12, 2001, and that his resulting infected hand, absence from work and lost pay constitute an adverse employment action. This is a dubious argument even on its own terms, but in any event Hopkins has waived it by not raising it before the district court. *See Anderson v. Flexel, Inc.,* 47 F.3d 243, 247 (7th Cir. 1995) ("[P]ost-judgment motions cannot be used to raise arguments or legal theories that could have been and should have been brought before judgment."); *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000) (Rule 59(e) "does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment").

Hopkins also contends that the district court abused its discretion by excluding his letter to the IDHR as evidence supporting his retaliation claim. The district court excluded the IDHR letter because it failed to satisfy the Rule 56(e) requirement that supporting affidavits be sworn or certified. Fed. R. Civ. P. 56(e); *Scott v. Edinburg*, 346 F.3d 752, 760 n.7 (7th Cir. 2003). Hopkins himself acknowledges that the letter to the IDHR was neither sworn nor certified, and thus the district court's exclusion of the letter was not an abuse of discretion.

Finally, Hopkins contends that the district court's violated his due process rights when it failed to appoint counsel to represent him. Hopkins asserts that appointed counsel was necessary because of his limitations resulting from a mental impairment. However, this due process claim was not presented to the district court. We will not consider issues and arguments raised for the first time on appeal. *Republic Tobacco Co. v. N. Atl. Trading Co.*, 381 F.3d 717, 728 (7th Cir. 2004).

## III

For the foregoing reasons, we AFFIRM the district court's denial of Hopkins' motion for relief from judgment.