FILED
United States Court of Appeals
Tenth Circuit

November 15, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SCOTT HART,

      Plaintiff-Appellant,

v.

CAPGEMINI U.S. LLC WELFARE
BENEFIT PLAN ADMINISTRATION
DOCUMENT, (of which the long term
disability plan is a part),

      Defendant-Appellee.

No. 13-1001
(D.C. No. 1:09-CV-02571-RBJ-BNB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **BALDOCK**, and **GORSUCH**, Circuit Judges.

---

Plaintiff Scott Hart appeals the district court's judgment in favor of defendant

Capgemini U.S. LLC Welfare Benefit Plan Administration Document (Capgemini),

denying him long-term disability (LTD) benefits under 29 U.S.C. § 1132(a)(1)(B) of

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the Employee Retirement Income Security Act of 1974 (ERISA). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. Background

Hart worked as a senior business consultant for Capgemini U.S. LLC (Capgemini LLC). After developing complications from pneumonia, he stopped working in January 2002. Capgemini LLC provided disability insurance to its employees through a group policy issued by Hartford Life Insurance Company, which was the claims fiduciary under the policy. Hart was initially approved for short-term disability (STD) benefits, but Hartford terminated those benefits effective April 28, 2002. Capgemini LLC terminated Hart in November 2002.

In January 2005, Hart experienced chest pain and shortness of breath. He was diagnosed with aortic stenosis and coronary artery disease, and had surgery. Hart's counsel wrote to Hartford that month and asked that it initiate an LTD claim. Hartford sent Hart's counsel the necessary documents in February 2005. Hartford ultimately denied Hart's claim for LTD benefits in September 2005, and denied Hart's appeal in April 2006.

Hart then filed this suit against Capgemini in Colorado state court in July 2007, serving his complaint through the Secretary of the United States Department of Labor. He obtained a default judgment against Capgemini, which the state court later vacated for improper service of process. Capgemini then removed the action to federal district court. The district court ordered briefing on the administrative record,

denied Hart's request for a jury trial, and ultimately entered an order denying Hart's claim for LTD benefits.

Hart appeals, contending that (1) the state court improperly vacated the default judgment; (2) the district court applied an incorrect standard of review of Capgemini's denial of benefits; (3) he is entitled to a jury trial; and (4) the district court erred in disposing of the case after briefing on the administrative record.

## II.    Discussion

### A. Default Judgment

"After removal, the federal court takes the case up where the State court left it off." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 436 (1974) (internal quotation marks omitted). "[A]n order entered by a state court should be treated as though it had been validly rendered in the federal proceeding." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 887 (9th Cir. 2010) (internal quotation marks omitted). But we apply state procedural rules to preremoval conduct. *See Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 (7th Cir. 2001); Fed. R. Civ. P. 81(c)(1) (Federal Rules of Civil Procedure govern proceedings in an action after removal).

Hart argues that the state court improperly vacated the default judgment against Capgemini as void under Rule 60(b)(3) of the Colorado Rules of Civil Procedure because of improper service. We review this issue de novo. *See Hukill v.*

*Okla. Native Am. Domestic Violence Coalition*, 542 F.3d 794, 797 (10th Cir. 2008);

*First Nat. Bank of Telluride v. Fleisher*, 2 P.3d 706, 714 (Colo. 2000) (en banc).

The state court had no choice but to vacate the default judgment because of improper service of the complaint (so whatever test it used is irrelevant). Hart argues that his service on Capgemini through the Secretary of Labor was proper. Under 29 U.S.C. § 1132(d)(1), service on the Secretary of Labor is permitted if the summary plan description (SPD) does not designate "an individual as agent for the service of legal process." Capgemini's SPD stated that its "general counsel" was its agent for service of process, and Hart asserts that the job title does not qualify as an "individual" under § 1132(d)(1) because it does not refer to a "particular individual human being," Aplt. Reply Br. at 16. We disagree. A title can identify a particular individual as precisely as (often more precisely than) a first and last name. We are aware of no authority, and Hart has pointed to none, requiring any special method of identifying a specific individual to satisfy § 1132(d)(1). We decline to address Hart's other arguments to justify service on the Secretary because they were not raised in state court.

## B. Standard of Review Applied by District Court

Hart next claims that the district court applied the incorrect standard to review the decision to deny LTD benefits. He contends that the district court should have reviewed the decision de novo, instead of for abuse of discretion, because Hartford's initial benefit decision was untimely under ERISA.

"We review *de novo* the district court's determination of the proper standard to apply in its review of an ERISA plan administrator's decision." *Rasenack ex rel. Tribolet v. AIG Life Ins. Co.*, 585 F.3d 1311, 1315 (10th Cir. 2009) (internal quotation marks omitted). Where, as here, an ERISA plan grants a plan administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan, we apply a deferential standard of review, asking only whether the denial of benefits was arbitrary and capricious. *See LaAsmar v. Phelps Dodge Corp. Life, Accidental Death & Dismemberment & Dependent Life Ins. Plan*, 605 F.3d 789, 796 (10th Cir. 2010); *see also Foster v. PPG Indus., Inc.*, 693 F.3d 1226, 1232 (10th Cir. 2012) (equating arbitrary-and-capricious standard and abuse-of-discretion standard in ERISA case). But de novo review may nevertheless be appropriate when there have been procedural irregularities in the administrator's consideration of the benefits claim. *See LaAsmar*, 605 F.3d at 797. One such irregularity would be a plan administrator's failure to render a final decision within the time limits prescribed by the plan and ERISA. *See Rasenack*, 585 F.3d at 1316-18 (applying de novo review).

Hart contends that Hartford delayed its benefits decision for over three years from the time of his alleged initial LTD notice of claim in February 2002 and his counsel's appeal letter to Hartford in July 2002, or, alternatively, for over six months from his "final demand" to initiate an LTD claim in January 2005. Aplt. Opening Br.

at 53. He asserts a violation of the mandate of the insurance policy and ERISA to make claims decisions within 45 days. *See* Aplt. App. at 767; 29 C.F.R. § 2560.503-1(f)(3). But Hart's notice of claim for STD benefits in February 2002 and his July 2002 letter appealing the denial of STD benefits were not proper claims for LTD benefits. And Hartford was not untimely in responding to Hart's 2005 claim. The claim was not properly completed until July 22, 2005, and Hartford properly extended the 45-day time limit by 30 days to collect necessary information. Hartford's denial on September 15, 2005, was therefore within the time limit.

Because there were no procedural irregularities, the district court did not err in reviewing the benefits determination for abuse of discretion.

## C. Jury Trial Demand

Hart next argues that the district court improperly determined that he was not entitled to a jury trial on his claim for disability benefits under § 1132(a)(1)(B). We review this question of law de novo. *See Graham v. Hartford Life & Accident Ins. Co.*, 589 F.3d 1345, 1355 (10th Cir. 2009). In *Graham* we held that the Seventh Amendment does not guarantee a right to a jury trial in an action for benefits under § 1132(a)(1)(B) because the relief is equitable rather than legal. *See id.* at 1355-56. Hart essentially asks us to revisit *Graham*. We decline the invitation. Absent en banc reconsideration or a superseding contrary Supreme Court decision, our precedent is binding. *See United States v. De Vaughn*, 694 F.3d 1141, 1149 n.4 (10th Cir. 2012).

**D. Bench Trial on the Merits**

Finally, Hart submits that the district court should have resolved the case by a bench trial on the merits, giving him an opportunity to present and challenge evidence. He relies on a footnote in *Jewell v. Life Insurance Company of North America*, which stated:

> The Federal Rules of Civil Procedure contemplate no such mechanism as judgment on the administrative record. Parties should avoid the practice of requesting it, and courts should avoid purporting to grant it. Doing so often creates unnecessary work for an appellate court in deciding whether to construe such a motion *ex post* as one for a bench trial on the papers, or as one for summary judgment.

508 F.3d 1303, 1307 n.1 (10th Cir. 2007) (citations omitted) (internal quotation marks omitted). *Jewell* did not, however, suggest that a plaintiff seeking review of an ERISA benefit denial is entitled to present evidence outside the administrative record to prove his or her claim. On the contrary, in reviewing a plan administrator's decision for abuse of discretion, "federal courts are limited to the administrative record – the materials compiled by the administrator in the course of making his decision." *Hall v. Unum Life Ins. Co. of Am.*, 300 F.3d 1197, 1201 (10th Cir. 2002) (internal quotation marks omitted). Thus, we perceive no error in the procedure followed by the court.

### III.    Conclusion

The judgment of the district court is affirmed.

Entered for the Court

Harris L Hartz
Circuit Judge