**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 2, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LINDA BIGLEY,

      Plaintiff-Appellant,

v.

CIBER, INC. LONG TERM
DISABILITY COVERAGE FOR:, Class
I: All salaried and administrative
employees who work 40 hours per week,
and class II: all other salaried and
administrative qualified full-time
employees who work 32-40 hours
per week,

      Defendant-Appellee.

No. 13-1243
(D.C. No. 1:11-CV-00055-RBJ-MJW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff Linda Bigley appeals from the district court's order upholding the denial of her application for long-term disability (LTD) benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B).[1]  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

A.  Background

1.  Administrative Proceedings

Ms. Bigley formerly worked for CIBER, Inc., which offered its employees the defendant LTD benefit plan (the Plan).  Ms. Bigley stopped working on November 7, 2001, and filed an application for LTD benefits under the Plan in May 2002 based upon a pre-existing bi-polar disorder.  The Plan began paying Ms. Bigley benefits based upon her mental illness, but those benefits could be paid only for two years under the terms of the Plan.  She later sought continued benefits, however, asserting that she was independently disabled based on back impairments resulting from an accident in April 2001.  On January 12, 2004, the Plan notified her that it was denying her claim for continued LTD benefits effective May 6, 2004, because she was not disabled by her back problems.  The Plan paid her benefits from May 6, 2002, through May 5, 2004, based upon her mental impairment, but then discontinued paying benefits.  The last of Ms. Bigley's three administrative appeals was denied on October 24, 2005.

---

[1]     The Employee Retirement Income Security Act of 1974.  *See* 29 U.S.C. §§ 1001-1461.

2. State Court Proceedings

Ms. Bigley filed suit against the Plan in Colorado state court on November 6, 2007. The Plan failed to respond. On April 14, 2008, the state court ordered Ms. Bigley to request a default or face dismissal. She moved for a default judgment, and the court entered a default on July 16, 2008. The court entered a default judgment for $200,000 on August 1, 2008, and, on September 18, 2008, entered an order awarding Ms. Bigley her attorney fees and costs.

Ms. Bigley began trying to collect the judgment, but the Plan failed to pay. She returned to state court and obtained a writ of garnishment on June 18, 2009. On July 23, 2009, the Plan moved the state court to set aside the default judgment, arguing that service of process was improper because Ms. Bigley had served the complaint upon the U.S. Secretary of Labor, rather than the Plan's designated agent for service of process, and the Plan had received no actual notice of the complaint until after the default judgment was filed.

On August 28, 2009, the state court entered a summary order, "upon being fully advised," granting the Plan's motion to set aside the default judgment. Aplt. App. at 80. The court vacated the default and set aside the default judgment and writ of garnishment. *Id.* Ms. Bigley sought to overturn this decision, but the Colorado Court of Appeals dismissed her appeal without prejudice for lack of a final, appealable order. Ms. Bigley then perfected service on the Plan.

3. Federal Court Proceedings

On January 7, 2011, the Plan removed the case to federal district court. Ms. Bigley requested a jury trial and filed several motions in anticipation of a trial. The district court denied her motions and ordered the parties to file briefs upon the administrative record. The court denied the Plan's motion to strike new evidence that Ms. Bigley had attached to her brief. On February 9, 2013, the court entered judgment in favor of the Plan based upon the administrative record, without a trial. Ms. Bigley filed this appeal.

B. Issues on Appeal and Discussion

Ms. Bigley argues on appeal that: (1) the state court erred by setting aside the default judgment of August 1, 2008; (2) the district court erred when it reviewed the Plan's adverse benefits decision for abuse of discretion instead of de novo; and (3) the district court erred by entering a judgment upon the administrative record instead of conducting a trial on the merits, because there were genuine issues of disputed fact.

1. Service of Process

First, Ms. Bigley argues that the state court improperly vacated the default judgment against the Plan. The Plan asserted two grounds in its motion to set aside the default judgment: (1) Colo. R. Civ. P. 60(b)(3) (the judgment was void for improper service), and (2) Colo. R. Civ. P. 60(b)(5) ("any other reason justifying relief"). We presume that the state court determined that the judgment was void for

improper service of process and that relief under Rule 60(b)(3) was mandatory, so we review this issue de novo. *See Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 797 (10th Cir. 2008) (reviewing de novo the denial of a motion to set aside a default judgment for improper service of process under Fed. R. Civ. P. 60(b)(4)); *First Nat'l Bank of Telluride v. Fleisher*, 2 P.3d 706, 714 (Colo. 2000) (holding that relief under Colo. R. Civ. P. 60(b)(3) is mandatory if the judgment is void). We apply state procedural rules to preremoval conduct. *See Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 (7th Cir. 2001); Fed. R. Civ. P. 81(c)(1) (providing that the Federal Rules of Civil Procedure govern proceedings in an action after removal).

Because Ms. Bigley named the Plan as the defendant in this case, she argues that service upon the Secretary of Labor was proper under ERISA, which provides that "[i]n a case where a plan has not designated in the summary plan description of the plan *an individual as agent for the service of legal process*, service upon the Secretary shall constitute such service." 29 U.S.C. § 1132(d)(1) (emphasis added). The Plan argues, however, that we recently resolved the same service-of-process issue against a similarly situated plaintiff in *Hart v. Capgemini U.S. LLC Welfare Benefit Plan Administration Document*, 547 F. App'x 870 (10th Cir. 2013). Although *Hart* is an unpublished decision and does not constitute binding precedent

on subsequent panels, *see Haynes v. Williams*, 88 F.3d 898, 900 n.4 (10th Cir. 1996), we believe that its reasoning is persuasive as applied to this case.[2]

In *Hart*, the summary plan description (SPD) stated that the company's "general counsel" was its agent for service of process. 547 F. App'x at 872 (internal quotation marks omitted). We disagreed with Hart's argument that "the job title d[id] not qualify as an 'individual' under § 1132(d)(1) because it d[id] not refer to a 'particular individual human being.'" *Id.* We reasoned that "[a] title can identify a particular individual as precisely as (often more precisely than) a first and last name." *Id.* In addition, Hart had pointed to no authority "requiring any special method of identifying a specific individual to satisfy § 1132(d)(1)." *Id.* We concluded that the state court had no choice but to vacate the default judgment because of improper service of the complaint upon the Secretary of Labor. *Id.*

Ms. Bigley argues that this case is distinguishable because the Plan's SPD identified "CIBER, INC. Attention: Human Resources" as it agent for service of process, Aplt. App. at 46, which does not name an "individual" as agent for service

---

[2]    There is no published guidance on how an SPD should designate "an individual" as agent for service of process under 29 U.S.C. § 1132(d)(1). The Plan cites *Thompson v. American Home Assurance Co.*, 95 F.3d 429 (6th Cir. 1996), but that case is unhelpful. Although Thompson served the Secretary of Labor under § 1132(d)(1), the defendant in that case was an insurance company, not a benefit plan, so § 1132(d)(1) did not even arguably apply. *See Thompson*, 95 F.3d at 433; *see also* § 1132(d)(1) ("An employee benefit plan may sue or be sued under this subchapter as an entity. . . . In a case where a plan has not designated in the summary plan description of the plan an individual as agent for the service of legal process, service upon the Secretary shall constitute such service.").

of process, as required by § 1132(d)(1). She asserts that as used in ERISA, "an 'individual' is a specific, unique, human being separate and distinct from all other human beings or classes of human beings." Aplt. Opening Br. at 36. The Plan argues that its SPD "did identify a natural person as its agent for service of process." Aplee. Br. at 35. We agree with the Plan, and we reject the strict standard Ms. Bigley espouses.

As Ms. Bigley points out, the term "individual" is not defined under ERISA, so we should consider how Congress has used the term "individual" in the ERISA statutes. *See Jonson v. Comm'r*, 353 F.3d 1181, 1184 (10th Cir. 2003) (determining, in part, the meaning of the undefined term "individual" in the tax code by looking at that term's usage in the relevant statutes). One of the ERISA statutes expressly identifies "individuals" by their specific job titles, *see* 29 U.S.C. § 1147(e)(2)(A)-(G), but it also equates "individuals" with the general class of "professionals," *id.* § 1147(e)(1)(A).

As in *Hart*, Ms. Bigley has offered no authority showing that "an individual" must be specified in an SPD in any particular way for purposes of service of process on a defendant plan under § 1132(d)(1). *See Hart*, 547 F. App'x at 872. She cites several decisions holding generally that the term "individual" means a human being, but none of those cases involved claims under ERISA, so they do not address the question of how "an individual" may be designated in a SPD for purposes of service of process under § 1132(d)(1). And her argument that the Plan clearly designated

"a corporate entity" as its agent ignores that the Plan did not merely designate

"CIBER, Inc." as its agent.  *See* Aplt. Opening Br. at 31.

We think that, as a practical matter, the Plan's designation of "CIBER, INC.

Attention:  Human Resources" as its agent for service of process, Aplt. App. at 46,

identified the *individual* heading that department.  As a result, Ms. Bigley was not

justified by § 1132(d)(1) in serving the Secretary of Labor, *see Hart*, 547 F. App'x

at 872, and we affirm the state court's order setting aside the default judgment as

void.

2.  District Court's Standard of Review

Ms. Bigley next argues that the district court incorrectly reviewed the Plan's

adverse benefits decision for abuse of discretion.  She contends that the court should

have reviewed the Plan's decision de novo, because the Plan failed to present a plan

document giving the plan administrator any discretionary authority over benefits

determinations.  We disagree.

"We review *de novo* the district court's determination of the proper standard to

apply in its review of an ERISA plan administrator's decision. . . ."  *Rasenack ex rel.

Tribolet v. AIG Life Ins. Co.*, 585 F.3d 1311, 1315 (10th Cir. 2009) (internal

quotation marks omitted).  "'[A] denial of benefits' covered by ERISA 'is to be

reviewed under a *de novo* standard unless the benefit plan gives the administrator or

fiduciary discretionary authority to determine eligibility for benefits or to construe

the terms of the plan.'"  *LaAsmar v. Phelps Dodge Corp. Life, Accidental Death &*

*Dismemberment & Dependent Life Ins. Plan*, 605 F.3d 789, 796 (10th Cir. 2010) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). "Where the plan gives the administrator discretionary authority, however, we employ a deferential standard of review, asking only whether the denial of benefits was arbitrary and capricious." *Id.* (internal quotation marks omitted); *see also Foster v. PPG Indus., Inc.*, 693 F.3d 1226, 1231-32 (10th Cir. 2012) (equating arbitrary-and-capricious standard and abuse-of-discretion standard in ERISA case). But de novo review may nevertheless be appropriate if there were procedural irregularities in the administrator's consideration of the benefits claim. *See LaAsmar*, 605 F.3d at 796.

The Plan's third-party administrator was Prudential Insurance Company. The Plan presented a Certificate of Coverage showing that Prudential had discretionary authority over LTD benefit determinations. *See generally* Aplt. App. at 256-86. The Certificate of Coverage provides that an employee is "disabled *when Prudential determines* that due to the . . . sickness or injury, you are unable to perform the duties of any **gainful occupation** for which you are reasonably fitted by education, training or experience." *Id.* at 266 (first emphasis added). The Plan also submitted affidavits authenticating the business records presented in this case. *Id.* at 200-03.

Ms. Bigley does not cite any authority holding that the Plan was required to present its authenticating affidavits to the district court at the same time as the Certificate of Coverage instead of later, as in this case. And her argument that the

Certificate of Coverage cannot be the plan document because it was authored by Prudential, not CIBER, Inc., is contradicted by the Supreme Court case upon which she relies. *See CIGNA Corp. v. Amara*, 131 S. Ct. 1866, 1877 (2011) (noting that a plan administrator may fill the roles of both author and manager of a plan sponsored by an employer, although an administrator does not have "the power to set plan terms indirectly by including them in the summary plan descriptions"). In addition, her argument that the administrative record improperly contains hearsay within hearsay is without merit because "[a] pension or welfare fund trustee or administrator is not a court, [and i]t is not bound by the rules of evidence," *Karr v. Nat'l Asbestos Workers Pension Fund*, 150 F.3d 812, 814 (7th Cir. 1998). Moreover, she does not argue that there were any procedural irregularities in Prudential's benefits determination. Accordingly, we conclude that the district court did not err in reviewing the Plan's discretionary determination in this case for abuse of discretion.

3. District Court's Review Solely upon the Administrative Record

Ms. Bigley also argues that the district court improperly determined that she was not entitled to a jury trial. We review this question of law de novo. *Graham v. Hartford Life & Accident Ins. Co.*, 589 F.3d 1345, 1355 (10th Cir. 2009). In *Graham*, we held that "the Seventh Amendment guarantees no right to a jury trial in a § 1132(a)(1)(B) action for benefits" because the relief is equitable rather than legal. *Id.* at 1355-56. "[A]bsent en banc reconsideration or a superseding contrary decision

by the Supreme Court," our published panel precedent on this point is binding. *See Haynes*, 88 F.3d at 900 n.4. Thus, Ms. Bigley's demand for a jury trial fails.

Finally, Ms. Bigley argues that the district court should have at least resolved the case by a bench trial on the merits so that she could present evidence. But we have already decided that, "in reviewing a plan administrator's decision for abuse of discretion, the federal courts are limited to the administrative record—the materials compiled by the administrator in the course of making his decision." *Hall v. UNUM Life Ins. Co. of Am.*, 300 F.3d 1197, 1201 (10th Cir. 2002) (internal quotation marks omitted). We noted in the very case upon which Ms. Bigley relies that "[u]nder abuse-of-discretion review, a district court is unable to supplement the administrative record." *Jewell v. Life Ins. Co. of N. Am.*, 508 F.3d 1303, 1311 n.3 (10th Cir. 2007) (internal quotation marks omitted). Thus, her argument for a bench trial also fails.

Affirmed.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge