In the
United States Court of Appeals
For the Seventh Circuit

No. 01-2926

In re:  John Campbell,

Petitioner.

Petition for a Writ of Mandamus

Submitted July 25, 2001--Decided September 5, 2001


  Before Bauer, Posner, and Coffey, Circuit
Judges.

  Posner, Circuit Judge.  John Campbell has
filed with this court a petition for a
writ of mandamus that would order an
Illinois state trial court to give him
access to certain trial transcripts. He
claims that earlier this year, in
preparation for filing a state
postconviction petition, he asked the
court to provide him, at his expense,
with copies of transcripts of guilty-plea
and sentencing hearings relating to four
previous convictions. The court denied
his motion on the ground that it had
already provided the transcripts to him.
In a letter responding to this ruling, he
acknowledged that he had transcripts for
one of the cases but said he didn't have
them for the other three.

  After several months had gone by with no
response to his letter, he lodged a
petition for mandamus with the Illinois
Appellate Court, urging that court to
invoke the federal All Writs Act, 28
U.S.C. sec. 1651(a), and order the trial
court to provide the requested
transcripts. A member of the court's
staff returned the petition to him
unfiled, explaining that "the Illinois
Appellate Court does not have
jurisdiction over such matters." Campbell
then filed his petition with us.

  The All Writs Act authorizes federal
courts to "issue all writs necessary or
appropriate in aid of their respective
jurisdictions and agreeable to the usages
and principles of law," 28 U.S.C. sec.
1651(a); Clinton v. Goldsmith, 526 U.S.
529, 534 (1999), including writs of

mandamus, In re Loudermilch, 158 F.3d 1143, 1145 (11th Cir. 1998) (per curiam); Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275 (5th Cir. 1973) (per curiam), although these courts have no general power to issue such writs. Fed. R. Civ. P. 81(b). The Act does not enlarge our jurisdiction. Clinton v. Goldsmith, supra, 526 U.S. at 535; United States v. Tablie, 166 F.3d 505 (2d Cir. 1999) (per curiam). We can issue mandamus against a state judicial officer, In re Grand Jury Proceedings, 654 F.2d 268, 277 (3d Cir. 1981)--until superseded by the writ of habeas corpus ad testificandum, 28 U.S.C. sec. 2241(c)(5); Pennsylvania Bureau of Correction v. United States Marshals Service, 474 U.S. 34, 42-43 (1985); United States v. Garrard, 83 F.3d 889, 893 (7th Cir. 1996), mandamus was commonly used to order state prison wardens to permit inmates to attend federal habeas corpus hearings, e.g., Price v. Johnston, 334 U.S. 266 (1948). But we cannot, as a general rule anyway (the significance of this qualification will become clear momentarily), use our power to control or interfere with state court litigation, thus exceeding our jurisdiction. White v. Ward, 145 F.3d 1139 (10th Cir. 1998) (per curiam); Demos v. United States District Court, 925 F.2d 1160 (9th Cir. 1991); Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988); Moye v. Clerk, DeKalb County Superior Court, supra, 474 F.2d at 1276; Haggard v. Tennessee, 421 F.2d 1384 (6th Cir. 1970).

Cases such as FTC v. Dean Foods Co., 384 U.S. 597, 603 (1966), and Lindstrom v. Graber, 203 F.3d 470, 475 (7th Cir. 2000), make clear that the federal court's jurisdiction in aid of which the writ of mandamus is sought need not yet have attached or been perfected; it can be potential, as when the writ is sought from the appellate court in order to prevent someone from blocking the petitioner from filing a notice of appeal. Just as the filing of a notice of appeal is a prerequisite to a federal appeals court's jurisdiction of an appeal, so the exhaustion of state remedies, including postconviction remedies, is a prerequisite to seeking federal habeas corpus. So one can imagine a case, though it is not this case, in which mandamus against a state court might be warranted in order to prevent that court from blocking the federal

courts from exercising their habeas corpus jurisdiction. Even then, the proper remedy would not be to order the state court to act; it would be to deem the petitioner's state remedies exhausted, White v. Ward, supra, thus clearing away the obstacle to our exercising jurisdiction over his case. Perhaps, though, in some cases not yet imagined, the federal court action could not proceed without some action by a state court and maybe in such a case the rule we have stated would yield to the urgencies of the moment--as we suggested by the term "as a general rule." But nothing of that sort is argued here.

We note in closing, for Campbell's guidance (since he is unrepresented), that he can ask the Illinois Appellate Court to issue under the authority of Illinois state law a writ of mandamus directing the state trial court in which he seeks to file a postconviction proceeding to perform the purely "ministerial" duty--a duty the exercise of which does not involve judgment or discretion--of furnishing him with copies of transcripts in the court's possession for which he is willing to pay. 705 ILCS 25/11; People ex rel. Baker v. Cowlin, 607 N.E.2d 1251, 1252 (Ill. 1992). (Compare, for the case in which the inmate wants a free transcript, Ill. S. Ct. R. 471, 607(b).) The staff of the Illinois Appellate Court probably returned Campbell's petition for mandamus without judicial consideration only because the petition invoked 28 U.S.C. sec. 1651(a), a federal statute concerned solely with litigation in federal courts, instead of its state counterpart.

Petition for Writ of Mandamus Denied.