# In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 04-3080

JOHN A. HILL and SUSAN M. HILL,

*Plaintiffs-Appellees*,

v.

BAXTER HEALTHCARE CORPORATION,
FUJISAWA USA, INC., AMERICAN
PHARMACEUTICAL PARTNERS, INC., et al.,

*Defendants-Appellees.*

APPEAL OF: NEAL LEWIS

_____

Appeal from the United States District Court for
the Northern District of Illinois, Eastern Division.
No. 01 C 9315—**Rebecca R. Pallmeyer**, *Judge.*

_____

ARGUED FEBRUARY 10, 2005—DECIDED APRIL 21, 2005

_____

Before MANION, EVANS, and SYKES, *Circuit Judges.*

EVANS, *Circuit Judge.* This appeal concerns whether a federal trial judge had the authority to resolve an attorney lien dispute after the underlying case settled. In December of 2001, Indiana residents John Hill and wife Susan filed a diversity action in federal district court against manufac-

turers of the drug Heparin. Their complaint alleged that Mr. Hill's use of Heparin following bypass surgery caused the loss of three limbs. The suit was filed by a Chicago attorney, David Fitzpatrick, only a week after the plaintiffs fired Neal Lewis, an attorney from Orland, Indiana. Lewis did not participate in the lawsuit.

In November of 2003, Lewis filed a lien action in Indiana state court seeking a share of any settlement or damages awarded in the plaintiffs' federal lawsuit. Lewis alleged in his complaint that the Hills' decision to dump him as counsel constituted a breach of contract and that Fitzpatrick tortiously interfered with their pact in wresting control over the case. Lewis contends that he put in 18 months of work on the case and deserves a piece of the pie.

The parties in the federal litigation reached settlements in June of 2004. On June 29, Judge Pallmeyer approved the settlement agreements and dismissed all of plaintiffs' claims with prejudice, noting that the case was "fully and finally resolved." Her order did not incorporate the settlement agreements nor did it expressly retain jurisdiction to enforce them.

Despite these settlements, the proceedings were far from over. On July 5, Lewis faxed to the defendants a notice of his attorney's lien, along with a request asking them to withhold payment of the settlement funds until the Indiana proceeding regarding his claim was resolved. On July 8, the plaintiffs filed a "petition to quash and/or adjudicate attorney's lien," arguing that the lien should be quashed because Lewis failed to comply with the Illinois Attorneys Lien Act, 770 ILCS 5/1 (2004). The plaintiffs did not identify any authority for the district court to consider this request. The plaintiffs did provide Lewis with notice of the petition but did not serve him with a summons or seek to have him added as a party to the now-dismissed federal lawsuit. The

next day, back in Indiana state court, Lewis sought leave to file an amended complaint in order to add the settling drug companies as defendants in that action.

On July 15, the district court granted the plaintiffs' petition to quash the lien:

> Mr. Lewis having filed no objection to the motion, it is granted. All Defendants other than Fujisawa are directed to pay settlement proceeds to the court pursuant to an order to be drafted by counsel. Plaintiff acknowledges that Fujisawa has paid its portion of the settlement in full. The court will retain jurisdiction for purposes of distribution. Notice of liens received by Fujisawa after the date of its payment to Plaintiff are hereby declared void.

That is all the order said. The court did not specify its authority for entering such an order.

On July 23, Lewis asked for leave to file a "non-party motion to dismiss petition and vacate order." Lewis asserted that the district court acted without subject matter and personal jurisdiction in granting the plaintiffs' petition to quash the attorney's lien. On July 26, the plaintiffs countered by filing a motion asking Judge Pallmeyer to halt the Indiana lien proceeding. Their request sought injunctive relief in the form of

> an order Enjoining and Restraining Mr. Neal Lewis, pursuant to the All Writs Act, 28 U.S.C. § 1651(a) from commencing any action or proceeding of any kind relative to his claimed lien interest against the defendant pharmaceutical companies, and further enjoining and restraining the Porter County, Indiana state court from accepting any action or proceeding of any kind from Mr. Neal Lewis relative to his claimed lien interest against the defendant pharmaceutical companies . . . .

On August 3, Lewis filed another motion, this time asking to be joined as an indispensable party under Federal Rule

of Civil Procedure 19(b). He also asked the district court to declare its July 15 order void because it was entered without jurisdiction, *see* Fed. R. Civ. P. 60(b)(4), and to dismiss the plaintiffs' original petition because the court did not have subject matter jurisdiction over the lien dispute.

On August 6, the district court conducted a hearing on Lewis's motions filed on July 23 and August 3, as well as the plaintiffs' July 26 request for injunctive relief. Later that day, the court issued three summary orders, ruling against Lewis on every front. The court also asked the parties to collaborate and draft a detailed order granting the plaintiffs' request for injunctive relief. But the parties could not agree to language, and on August 10, the plaintiffs submitted a proposed order on their own. On August 11, Lewis filed a submission explaining that he could not agree with the proposed order drafted by the plaintiffs because it would effectively extinguish his ability to pursue his lien claim. That same day, Lewis filed a notice of appeal, specifying the three August 6 orders as those being appealed.

On August 12, the district court, citing as authority the All Writs Act, 28 U.S.C. § 1651, issued an order enjoining Lewis from pursing his lien claim and the Indiana state court from adjudicating it. Furthermore, it explicitly retained jurisdiction to distribute the settlement funds.

On appeal, Lewis argues that the district court acted without jurisdiction when it entered its orders on July 15, August 6, and August 12 relating to his asserted lien, and that it erred by denying his motion for relief from judgment under Rule 60(b)(4). Although we generally review Rule 60(b) decisions for abuse of discretion, we review challenges to Rule 60(b)(4) decisions *de novo* to the extent they turn on errors of law. *In re Hanson*, 397 F.3d 482, 484 (7th Cir. 2005). Lewis argues that the case was over on June 29 and that the court's later orders are void. He is correct. The case ended when Judge Pallmeyer dismissed the case with pre-

judice, which, in her own words, rendered the dispute "finally and fully resolved." Despite this language, however, the court continued to preside over the case, resolving Lewis's lien and taking hold of the settlement funds. But a case that is dismissed with prejudice is unconditional; therefore, it's over and federal jurisdiction is terminated. *See Jessup v. Luther*, 277 F.3d 926, 929 (7th Cir. 2002); *McCall-Bey v. Franzen*, 777 F.2d 1178, 1190 (7th Cir. 1985). Thus, the court erred by denying Lewis's motion to vacate under Rule 60(b)(4) because its orders entered on July 15, August 6, and August 12 are void for lack of jurisdiction. *See Marques v. Fed. Reserve Bank of Chi.*, 286 F.3d 1014, 1018 (7th Cir. 2002) (judgment entered without subject matter jurisdiction is void).

The plaintiffs disagree and make three arguments to justify the district court's actions. First, they argue that the case really wasn't over on June 29 because they filed a timely motion for reconsideration under Federal Rule of Civil Procedure 59(e). Indeed, the filing of a proper motion to alter or amend a judgment under that rule would have permitted further proceedings. *See Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001). But the plaintiffs' petition to quash the lien did not come under the scope of Rule 59(e), as it did not in any way seek to reconsider and revise the June 29 decision. *See Curry v. United States*, 307 F.3d 664, 666 (7th Cir. 2002); *see also White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445, 451 (1982) (request for attorneys fees under 42 U.S.C. § 1988 raises issues collateral to the judgment and may not be characterized as a Rule 59(e) request); *Lentomyynti Oy v. Medivac, Inc.*, 997 F.2d 364, 367 (7th Cir. 1993).

Next, the plaintiffs argue that the district court had supplemental jurisdiction to resolve the lien dispute, 28 U.S.C. § 1367, as the lien action was a direct assault on the settlement agreement itself. Courts do not automatically have supplemental jurisdiction over any agreement that has as

part of its consideration the dismissal of a federal case, but may retain the power to protect and enforce their judgments. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 380 (1994); *Lucille v. City of Chicago*, 31 F.3d 546, 548 (7th Cir. 1994). "Thus if the judgment explicitly incorporates the settlement, or reserves authority to enforce the settlement, the court possesses ancillary jurisdiction." *Lucille*, 31 F.3d at 548 (citing *Kokkonen*, 511 U.S. at 381-82); *see also Goulding v. Global Med. Prods. Holdings, Inc.*, 394 F.3d 466, 468 (7th Cir. 2005). Judge Pallmeyer's order did neither:

> The Court, having reviewed the stipulation of dismissal . . . finds that all claims asserted by Plaintiffs against the above-named Defendants have been fully and finally resolved through separate settlement agreements with each of the respective Defendants, and that all claims asserted against the named Defendants in this lawsuit are hereby dismissed with prejudice. The Court further finds, as stipulated by the parties through their respective undersigned counsel, that each of the settlement agreements reached between Plaintiffs and Defendants . . . was the result of arms-length negotiations conducted in good faith; that the agreed-upon consideration and the releases and settlement agreements between Plaintiffs and each of the Defendants, respectively, constitute fair, reasonable and good faith settlements . . .; and that each such settlement should operate as a bar to the bringing of any actions for contribution and/or indemnification against any of the above-named Defendants by any person or party or tortfeasor arising out of Plaintiffs' claimed injuries and causes of action.

The court did not expressly retain jurisdiction, nor did it make the terms of the settlement agreements part of its judgment, which would have rendered a violation of the agreement a violation of a court order. This is in contrast to

the court's later order of July 15, which stated explicitly that "the court will retain jurisdiction for purposes of distribution." But that element was lacking in the June 29 order and therefore the court could not exercise supplemental jurisdiction over the lien dispute.

Finally, the plaintiffs contend that the district court was authorized to resolve the lien dispute by virtue of the All Writs Act, which authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a); *In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001). But the All Writs Act does not itself create jurisdiction, it merely confers supplemental jurisdiction where jurisdiction already exists. *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002); *Campbell*, 264 F.3d at 731. The district court therefore needed an independent basis of federal jurisdiction in order to consider the plaintiffs' motion to quash the lien. But there is none. The plaintiffs' original suit triggered diversity jurisdiction, but their request to quash the lien did not. The plaintiffs and Lewis all hail from Indiana and are nondiverse, *see* 28 U.S.C. § 1332, and the lien dispute is a matter of state law that does not involve a federal question, *see Commercial Nat'l Bank of Chi. v. Demos*, 18 F.3d 485, 489 (7th Cir. 1994).[1]

Accordingly, the district court's orders issued on July 15, August 6, and August 12 are VACATED, and the case is

---

[1] The parties also debate whether the district court had personal jurisdiction over Lewis, but we need not resolve this issue in light of our determination that it lacked subject matter jurisdiction over the lien dispute.

REMANDED[2] with instructions for the court to dismiss the plaintiffs' requests to quash the lien. Costs are awarded to Mr. Lewis.

A true Copy:

   Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*

---

[2] The dispute, at this point, only involves the Hills, the obvious and unquestioned interests of attorney Fitzgerald in receiving his attorney's fees, and the interest, if any, of attorney Lewis to receive some attorney's fees out of the settlement proceeds. The defendants have no dog in this fight. We trust that the district judge, in consultation with the interested parties, will appropriately answer the question of what to do with the proceeds of the settlement that were paid in to the court while the interests, again if any, of attorney Lewis are determined. The defendants deserve to be excused from any further participation in this case, and we trust that an appropriate order (or better yet, an agreement between the interested parties) to that effect will be entered.

---