

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-13-2007

# In Re: Meyers

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1182

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re: Meyers " (2007). *2007 Decisions*. Paper 1487.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1487

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

seeking specific performance.  The complaint also contained a claim for breach of the lease and a request for money damages.  On July 24, 2006, the day before the trial was scheduled to be held in the Court of Chancery, Meyers filed a notice of removal in District Court.  Meyers asserted in District Court that she removed the matter because her constitutional rights were being violated in state court.  On July 25, 2006, the Court of Chancery held a trial, apparently unaware that Meyers had removed the matter to federal court.  The Court of Chancery ruled in favor of Krebs.

Meyers then sought a default judgment and a temporary restraining order in District Court.  On September 21, 2006, the District Court denied Meyers' motions, sua sponte remanded the matter to the Court of Chancery, and awarded Krebs costs and attorney's fees.  Meyers appealed, and we summarily affirmed the District Court's order.  C.A. No. 06-4326.

Meyers has now filed in this Court a petition for a writ of prohibition.  Meyers contends that the Court of Chancery's trial was barred by the removal statute, 28 U.S.C. § 1446(d), which provides, inter alia, that a state court "shall proceed no further" once a matter is removed to federal court.  Meyers asks that we forbid the enforcement of any orders issued by the Court of Chancery.

A writ of prohibition is an extreme remedy, In re Chambers Dev. Co., 148 F.3d 214, 223 (3d Cir. 1998), that is used to prevent a lower court from exceeding

that he was entitled to quiet enjoyment of the leased premises. Meyers filed an answer to the complaint, which was also signed by Dennis Smith, her "attorney-in-fact." Because Smith was not a licensed attorney, the Chancellor of the Court of Chancery notified Meyers that Smith may not represent her. Meyers then removed the complaint to District Court. The District Court granted Krebs' motion to remand the complaint to state court, and Meyers filed a notice of appeal from the remand order.

Meyers' petition for a writ of prohibition is for the most part unclear. She appears to allege that the Court of Chancery improperly held a trial in Krebs' action against her while her appeal of the District Court's remand order was pending in this Court. To the extent Meyers seeks an order from this Court prohibiting the Court of Chancery from taking some action, we lack jurisdiction to so order. See In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001) (stating that the court of appeals generally cannot use its power to issue mandamus to a state judicial officer to control or interfere with state court litigation).

In addition, to the extent Meyers seeks review of the District Court's remand order, a writ of prohibition is not an appropriate remedy because Meyers may obtain relief through an ordinary appeal. See In re Sch. Asbestos Litig., 921 F.2d 1310, 1314 (3d Cir. 1990). As noted, Meyers filed a notice of appeal from the District Court's remand order. Meyers' appeal was docketed at C.A. No. 06-4873, and we shall issue a separate opinion deciding that appeal.

Accordingly, we will deny the petition for a writ of prohibition.

2