

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-17-2007

# In Re: Bell

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1440

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re: Bell " (2007). *2007 Decisions.* Paper 1267.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1267

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Ct. Sussex Cty.).[1]  The District Court dismissed the action because Bell failed to state the grounds for removal to federal court, and it remanded the action to state court pursuant to 28 U.S.C. § 1447(c).

We have jurisdiction pursuant to 28 U.S.C. § 1651, which empowers us to issue "all writs necessary or appropriate in aid of [our] . . . jurisdiction[] and agreeable to the usages and principles of law."  A writ of prohibition is "employed by an appellate court to prevent a lower court from exceeding its jurisdiction or to prevent a non-judicial officer or entity from exercising a power."  In re School Asbestos Litig., 921 F.2d 1330, 1333 (3d Cir. 1990) (citations omitted).  A writ of prohibition, like a writ of mandamus, "is a drastic remedy that a court should grant only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power."  United States v. Santtini, 963 F.2d 585, 593 (3d Cir. 1992).  To demonstrate that a writ is warranted, a petitioner must establish that he has "no other adequate means to attain the desired relief, and . . . that [his] right to the writ is clear and indisputable."  Haines v. Liggett Group, Inc., 975 F.2d 81, 89 (3d Cir. 1992) (citation omitted).

Bell seeks to have us direct the District Court to vacate its remand order.  A

---
[1]  The document did not identify the underlying case by name.  According to the attachment to Bell's petition, J & J Mobile Home Park is seeking payment of rent and possession of certain property from Bell.  The docket number Bell provided appears to be the number of the state court case.

Ct. Kent County).  Because the document did not meet the requirements for removal, the District Court ordered Bell to meet the requirements or face summary remand.  After he filed additional documents with the District Court, the Court found that he had still not met the requisites for removal and thus summarily remanded the matter to the state court.  Bell filed a notice of appeal, docketed in this Court at C.A. No. 07-1057, and later filed the instant petition for a writ of prohibition along with a motion to expedite.

Bell's petition for a writ of prohibition is for the most part unclear.  He appears to allege that the Court of Chancery improperly held a trial in Krebs' action against her while her appeal of the District Court's remand order was pending in this Court.  To the extent Bell seeks an order from this Court prohibiting the Delaware court from taking some action, we lack jurisdiction to so order.  See In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001) (stating that the court of appeals generally cannot use its power to issue mandamus to a state judicial officer to control or interfere with state court litigation).

In addition, to the extent Bell seeks review of the District Court's remand order, a writ of prohibition is not an appropriate remedy because Bell may seek review through an ordinary appeal.  See In re Sch. Asbestos Litig., 921 F.2d 1310, 1314 (3d Cir. 1990).  As noted, Bell filed a notice of appeal from the District Court's remand order.  That appeal is pending, and will be decided in a separate opinion or order.

Accordingly, we will deny the petition for a writ of prohibition.[1]

---

[1] The Motion to Expedite is denied.

2