

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-8-2007

# Williams v. Wettick

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4220

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Williams v. Wettick" (2007). *2007 Decisions.* Paper 971.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/971

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-228                                                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4220
_____

DAMIEN WILLIAMS,

Appellant

v.

JUDGE R. STANTON WETTICK, Allegheny County Court of Common Pleas
Civil Court Judge, in his official capacity;
JUDGE JAMES JOSEPH, Allegheny County Court of Common Pleas
Civil Court Judge, in his official capacity

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(W.D. Pa. Civ. No. 06-cv-00991)
District Judge:  Honorable Thomas M. Hardiman

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
May 10, 2007

Before:   SLOVITER, CHAGARES AND GREENBERG, <u>CIRCUIT JUDGES</u>

(Filed: June 8, 2007)

_____

OPINION

_____

PER CURIAM

Damien Williams, a Pennsylvania state prisoner proceeding pro se, appeals from the District Court's dismissal of his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because we conclude that this appeal lacks an arguable basis, we will dismiss it pursuant to § 1915(e)(2)(B)(i).

Williams is presently incarcerated at the State Correctional Institute at Fayette, Pennsylvania ("SCI-Fayette"). In January 2000, Williams commenced an action in the Court of Common Pleas of Allegheny County against prison employees who provided medical treatment to him while he was at SCI-Pittsburgh. The Honorable Joseph James presided over Williams's case for several years, after which it was transferred to the Honorable R. Stanton Wettick. It appears that this action is still pending in the Allegheny County Court of Common Pleas.

In July 2006, Williams commenced a civil rights action under 42 U.S.C. §§ 1983 and 1985 in the U.S. District Court for the Western District of Pennsylvania against Judges James[1] and Wettick. In the complaint, Williams alleged that the defendants violated his constitutional rights when they—both independently and in concert—issued various rulings against him in the state-court action. Williams requested that the District Court compel Judge Wettick to rule in his favor on his "motion of preliminary objection,"

---

[1]Williams's complaint mistakenly identifies Judge Joseph James as "Judge James Joseph."

2

remove Judge Wettick from the case, and "take jurisdiction over" the state court action.

On August 3, 2006, Magistrate Judge Lisa Pupo Lenihan recommended that the complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The District Court adopted Judge Lenihan's report and, on September 7, 2006, dismissed Williams's complaint. Williams now appeals from the District Court's order dismissing his case.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). Because Williams is proceeding *in forma pauperis*, we must review this appeal to determine whether it should be dismissed pursuant to § 1915(e)(2)(B)(i). We dismiss an appeal if it "lacks an arguable basis in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

We agree with the District Court that Williams failed to state a claim upon which relief could be granted under 42 U.S.C. § 1983. In general, an individual aggrieved by the violation of section 1983 may seek an award of money damages, a declaratory judgment, and/or injunctive relief from the District Court. See, e.g., Hubbard v. Taylor, 399 F.3d 150, 153 (3d Cir. 2005) (recognizing inmate's action for damages, declaratory and injunctive relief under 42 U.S.C. § 1983). In his complaint, Williams does not appear to request money damages against Judges James and Wettick. Moreover, although he states in the "relief requested" section of his complaint that he seeks "a declaratory judgment," it is difficult to discern any such claim from the pleading. Rather, the only

actions he asks the Court to take—i.e., to compel Judge Wettick to rule on his "motion of preliminary objection" and to take over the adjudication of the state court proceedings—are injunctive in nature. Therefore, we construe Williams's complaint as seeking solely injunctive relief under 42 U.S.C. § 1983.

Williams, however, is not entitled to such relief. Although a District Court may have the power to enjoin a state judge in some limited circumstances, "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Because Williams has not alleged that a declaratory decree was violated or that declaratory relief is unavailable, and because the injunctive relief sought pertains only to actions taken in Judge Wettick's official capacity, his claim for injunctive relief was barred. In any event, under the circumstances of this case, the District Court's refusal to oust Judge Wettick and take over the adjudication of the state court proceedings was certainly not error. See, e.g., In re Campbell, 264 F.3d 730, 731-32 (7th Cir. 2001) (stating that a federal court cannot, as a general rule, use its power to issue mandamus to a state judicial officer to control or interfere with state court litigation); In re Grand Jury Proceedings, 654 F.2d 268, 278 (3d Cir. 1981) (noting that "except in carefully circumscribed situations, the federal courts should not disrupt an ongoing state judicial process").

Williams has also failed to state a conspiracy claim under 42 U.S.C. § 1985.

4

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must include "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Thus, a "plaintiff should plead basic facts, such as they are, for those are 'the grounds' upon which the plaintiff's claim rests." In re Tower Air, Inc., 416 F.3d 229, 237 (3d Cir. 2005). Williams, however, fails to plead even "basic facts" in support of his allegation that Judges James and Wettick conspired to deprive him of due process and other constitutional rights. Williams does not suggest that the defendants entered into some kind of agreement, nor does he allege any facts from which we can infer that the judges worked in concert to make certain decisions in the case. Rather, the complaint contains only a general averment of conspiracy amounting to nothing more than a conclusion of law. As a result, Williams's complaint failed to state a claim under section 1985.[2]

Accordingly, because Williams's appeal lacks an arguable basis, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

---

[2]Although Williams was not given an opportunity to amend the complaint, we conclude that any such amendment would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2003).