NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted December 19, 2007[*]
Decided December 26, 2007

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 07-3049

| | |
|---|---|
| LARRY M. BANKS,<br>    *Petitioner-Appellant,*<br><br>    *v.*<br><br>PEOPLE OF THE STATE OF<br>ILLINOIS,<br>    *Defendant-Appellee.* | Appeal from the United States<br>District Court for the Northern<br>District of Illinois, Eastern Division<br><br>No. 07 C 0547<br><br>Ronald A. Guzman,<br>*Judge.* |

**O R D E R**

In November 2006 Larry Banks was indicted in Illinois state court on fourteen different charges, including four counts of attempted first-degree murder. While being held at the Elgin Mental Health Center awaiting trial, Banks filed what he styled as a petition for a writ of mandamus, *see* 28 U.S.C. §§ 1361, 1651, in

---

[*]The State of Illinois notified this court that it was never served with process in the district court and would not be filing a brief or otherwise participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2).

federal district court.  He argued only that the state prosecution violates his rights under the Illinois constitution, and that accordingly the federal court should intervene and stop the ongoing state proceedings.  The district court allowed Banks to proceed *in forma pauperis* but then dismissed the action sua sponte for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2).  The court reasoned that it did not have jurisdiction to issue a writ of mandamus against state officials for violations of state law.  Our review is de novo, *see Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005), and we agree that the district court lacked "jurisdiction to issue a mandamus against state officials for violating their duties under state law," *Coniston  Corp. v. Vill. of Hoffman Estates*, 844 F.2d 461, 469 (7th Cir. 1988); *see also In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001).

The district court warned Banks that if a "prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury."  *See* 28 U.S.C. § 1915(g); *see also Martin v. United States*, 96 F.3d 853, 854 (7th Cir. 1996) (holding that Prisoner Litigation Reform Act applies to civil mandamus actions).  Despite this warning, Banks brought this appeal.  Banks incurred one of his allotted three "strikes" for his petition in the district court, and this appeal counts as a second.

AFFIRMED.