

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-23-2008

# Casey Hoey v. Steven Toprani

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2172

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Casey Hoey v. Steven Toprani" (2008). *2008 Decisions.* Paper 809.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/809

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HLD-139                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2172
_____

CASEY LEE HOEY,
                              Appellant

v.

DISTRICT ATTORNEY STEVEN TOPRANI;
PAUL POZONSKY, Trial Court Judge;
JOHN C. PETTIT,  Former District Attorney/and Appellee;
PA SUPREME COURT; PA SUPERIOR COURT

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
D.C. Civil Action No. 08-00331
(Honorable Gary L. Lancaster)

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
or a Certificate of Appealability Under 28 U.S.C. § 2253
June 30, 2008

Before:  SCIRICA, <u>Chief Judge</u>, ALDISERT and GARTH, <u>Circuit Judges</u>.

(Filed July 23, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM.

Casey Lee Hoey, a pro se prisoner, filed a mandamus petition in the United States District Court for the Western District of Pennsylvania on March 25, 2008, seeking an order directing the Pennsylvania state courts to dismiss the criminal charges against him and release him from prison. The District Court determined that Hoey was not entitled to the extraordinary remedy of mandamus and denied his petition, and Hoey appealed. We will summarily affirm.[1]

Hoey pled guilty to the charge of first-degree murder in Washington County, Pennsylvania, on March 26, 2003. He did not file a direct appeal. He later filed several petitions for post-conviction relief, which the PCRA court dismissed as untimely. Hoey contends that Pennsylvania's criminal code is invalid, and, therefore, that the trial court lacked subject matter jurisdiction over his criminal prosecution. He also contends that the one-year filing deadline contained in 42 Pa. C.S. §9451, et. seq. unlawfully deprives him of any state court review of the merits of his claims.

Under the All Writs Act, federal courts may "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). As a general matter, federal courts cannot use that power to control or interfere with state court litigation. In re Campbell, 264 F.3d 730

_____

[1]Although Hoey seeks release from prison, he initiated this proceeding as a mandamus action, not a habeas proceeding. Accordingly, a certificate of appealability is not required. 28 U.S.C. § 2253.

2

(7th Cir. 2001). Hoey has neither demonstrated that issuance of a writ of mandamus would be in aid of our jurisdiction, nor shown extraordinary circumstances that could conceivably warrant resort to the remedy of mandamus.

As this appeal presents no substantial question, we will summarily affirm.[2] Hoey's motion for the appointment of counsel is denied.

---

[2]In reaching this decision, we have considered the arguments Appellant raised in his motion and the documents (Pennsylvania Constitution) and his two memoranda of law. To the extent that Appellant's motion seeks summary action in his favor, that motion is denied.