DLD-259                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2497
_____

In re: EMMITT WORTHY, III,
Petitioner

_____

On a Petition for Writ of Mandamus from the
Superior Court of New Jersey, Appellate Division

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 16, 2012
Before: AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: August 27, 2012)
_____

OPINION
_____

PER CURIAM

       In this petition for writ of mandamus, Emmitt Worthy, III asks this Court to direct

the New Jersey Superior Court, Appellate Division, to direct that his appeal from his

conviction in the municipal court be reinstated.  Worthy was convicted in the municipal

court of a number of driving offenses, including driving while intoxicated and possession

of a controlled dangerous substance.  It appears that Worthy appealed his convictions to

the Superior Court, Law Division, but failed to submit a brief in advance of his hearing,

as required by the court, despite receiving several extensions of time.  The Law Division

ultimately dismissed his appeal for failure to prosecute. Worthy appealed that order to the Appellate Division, which affirmed. He then asked the Appellate Division to vacate the dismissal, but his motion was denied. In the mandamus petition he has filed with this Court, Worthy states that the dismissal of his appeal was arbitrary and unjust. His petition, however, does not provide any specific supporting arguments

The All Writs Act, 28 U.S.C. § 1651(a), gives this Court the power to issue a writ of mandamus in aid of our potential appellate jurisdiction "in exceptional cases where the traditional bases for jurisdiction do not apply." United States v. Higdon, 638 F.3d 233, 245 (3d Cir. 2011) (internal quotation marks omitted). A court should issue a writ of mandamus only in "extraordinary circumstances," as it is a drastic remedy. See Hahnemann Univ. Hosp. v. Edgar, 74 F.3d 456, 461 (3d Cir. 1996). To obtain mandamus relief, a petitioner must show that (1) no other adequate means exist to attain the desired relief, (2) his right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances of his case. Cheney v. U.S. Dist. Ct., 542 U.S. 367, 380–81 (2004); In re Pressman-Gutman Co., Inc., 459 F.3d 383, 399 (3d Cir. 2006).

We do not have the authority to issue a writ of mandamus directing the state court to vacate its orders regarding the dismissal of Worthy's appeal. Absent circumstances not present here, mandamus does not lie for a federal court to compel action by a state court in state court litigation. See In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001) ("[W]e cannot ... use our power to issue mandamus to a state judicial officer to control or

2

interfere with state court litigation, thus exceeding our jurisdiction."); White v. Ward, 145 F.3d 1139, 1140 (10th Cir. 1998) (explaining that federal courts "lack[ ] jurisdiction to direct a state court to perform its duty"); In re Wolenski, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam) (explaining that a district court has no jurisdiction "to issue a writ of mandamus compelling action by a state official"); 19 Moore's Fed. Practice § 204.01[3][b] (3d ed. 2011) ("The circuit courts lack jurisdiction to issue a writ of mandamus to a state court."). Worthy has not shown that this particular case "may at some future time come within th[is] court's appellate jurisdiction." In re Chambers Dev. Co., 148 F.3d 214, 223 n.6 (3d Cir. 1998); see In re Richards, 213 F.3d 773, 779 (3d Cir. 2000) ("[J]urisdiction to issue writs of mandamus under 28 U.S.C. § 1651 lies in cases in which potential appellate jurisdiction exists."). Worthy's recourse, if any, lies with the New Jersey state courts, not the federal courts.

Accordingly, we will deny the petition for a writ of mandamus.