**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1851
_____

IN RE: WAYNE PETTAWAY,
                                    Petitioner
_____

On a Petition for Writ of Mandamus
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.

Before:  SCIRICA, HARDIMAN and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 15, 2013)
_____

OPINION
_____

PER CURIAM

Wayne Pettaway, a state prisoner, filed this pro se petition for a writ of mandamus

asking us to compel the Superior Court of Pennsylvania to send him an "inventory list,"

and a certified copy of the record on appeal, so that he may adequately prepare his appeal

from the denial of his state petition for post-conviction review.  For the reasons discussed

below, we will deny the petition.

Under the All Writs Act, Congress has conferred jurisdiction on this Court to issue

writs of mandamus "in aid of" our jurisdiction.  28 U.S.C. § 1651(a).  It is well-settled

1

that we may issue a writ of mandamus only if there is an independent basis for federal subject matter jurisdiction. See United States v. Christian, 660 F.2d 892, 894 (3d Cir. 1981) (explaining that, "[b]efore entertaining" a petition for a writ of mandamus, "we must identify a jurisdiction that the issuance of the writ might assist").

There is no such basis here. Pettaway does not allege any action or omission by a United States District Court within this Circuit. Cf. id. at 895 ("'The focal question posed for a Court of Appeals by a petition for the issuance of a writ is whether the action of the District Court tends to frustrate or impede the ultimate exercise by the Court of Appeals of its appellate jurisdiction granted in some other provision of the law.'") (citation omitted) (emphasis added). Nor does he allege any action or omission by a federal officer, employee, or agency that a United States District Court might have mandamus jurisdiction to address. See 28 U.S.C. § 1361.

Instead, Pettaway asks us to compel a state court to provide him with records. We do not have authority to grant that request. In re Campbell, 264 F.3d 730, 731-32 (7th Cir. 2001) (denying mandamus where state prisoner asked for order compelling state court to provide him access to trial transcripts to prepare a post-conviction petition). Pettaway's recourse, if any, lies with the Pennsylvania state courts, not the federal courts.

For these reasons, we will deny the mandamus petition.