**CLD-136**                                                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3839
_____

IN RE: GEORGE K. TRAMMELL, III,
                                               Petitioner

_____

On Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to D. Del. No. 1-17-cv-01448)

_____

Submitted Pursuant to Fed. R. App. P. 21
March 1, 2018

Before: CHAGARES, GREENAWAY, JR., and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 1, 2018)
_____

OPINION*
_____

PER CURIAM

        Pro se petitioner George K. Trammell seeks a writ of mandamus.  Because

Trammell has not demonstrated that he is entitled to such relief, we will deny his petition.

        In October 2017, Trammell attempted to remove a Delaware state court

foreclosure case to the United States District Court for the District of Delaware.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Trammell claimed that he had an interest in real property that was at issue in the case. However, Trammell was not a party to the case, despite an unsuccessful attempt to intervene in the matter. The state court does not appear to have received notice of Trammell's attempted removal, and the property was sold in November 2017 at a court-ordered sheriff's sale. In December 2017, the District Court remanded the case to the state court because Trammell was not a "defendant" within the definition of 28 U.S.C. § 1441(a) who could remove the case. Trammell filed his mandamus petition in this Court shortly thereafter. He also sought reconsideration in the District Court, which was denied, and has separately appealed the District Court's decisions.

A writ of mandamus is a "drastic remedy" that may only be granted in "extraordinary circumstances in response to an act amounting to a judicial usurpation of power." In re Diet Drugs Prod. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Trammell's petition indicates that he wishes to have District Court Judge Richard G. Andrews recused from his District Court case and seeks to void the state court's judgment that ordered the sheriff's sale. "Before a writ of mandamus may issue, a party must establish that (1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." See Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks omitted).

Trammell's first request appears to be moot, as he no longer has any pending matters before Judge Andrews. We do not have authority to address Trammell's second

request.  See In re Pressman-Gutman Co., Inc., 459 F.3d 383, 399 (3d Cir. 2006) ("Courts have used mandamus to confine an inferior [federal] court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.") (internal quotation mark omitted); In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001) "[W]e cannot, as a general rule . . . use our power to . . . interfere with state court litigation, thus exceeding our jurisdiction"); Demos v. U.S. Dist. Court For E. Dist. of Wash., 925 F.2d 1160, 1161 (9th Cir. 1991) (stating that federal courts "lack[] jurisdiction to issue a writ of mandamus to a state court"); Moye v. Clerk, DeKalb Cty. Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973) ("[A] federal court lacks the general power to issue writs of mandamus to direct state courts . . . in the performance of their duties where mandamus is the only relief sought."); Haggard v. State of Tenn., 421 F.2d 1384, 1386 (6th Cir. 1970) ("[F]ederal courts have no authority to issue writs of mandamus to direct state courts . . . in the performance of their duties."); cf. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (holding that the Rooker-Feldman doctrine deprives federal courts of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before . . . district court proceedings commenced and inviting . . . review and rejection of those judgments.").  Thus, there is no basis for granting Trammell's petition.