ALD-285                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3235
_____

CATHY MESTMAN,
                              Appellant

v.

JUDGE ESCANDON
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3-14-cv-03880)
District Judge:  Honorable Freda L. Wolfson
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 30, 2015
Before:  CHAGARES, SCIRICA and RENDELL, Circuit Judges

(Filed: August 17, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se Appellant Cathy Mestman appeals from an order of the United States District Court for the District of New Jersey dismissing her complaint. For the reasons that follow, we will affirm the judgment of the District Court.

Mestman filed a civil action in the District Court concerning a June 2014 eviction order by Judge Paul X. Escandon of the New Jersey Superior Court, Monmouth County. Mestman contended that Judge Escandon's ruling was incorrect and illegal, and her claims focus on Judge Escandon's conduct of the proceedings and his rulings during the case, including his refusals to recuse. For example, Mestman alleged that she is disabled, and that Judge Escandon "refused and allowed" an accommodation of conducting a motions hearing via telephone. However, Mestman noted that, as she was presenting her seventh reason for his recusal, Judge Escandon "stopped me, muted me, and never even let me SPEAK about the other PILE of Motions WHICH were NEVER HEARD." (Complaint, second paragraph) (emphasis in the original). Mestman alleged that Judge Escandon failed to ensure proper service in this and other cases, and that he deprived her of her "Civil, Constitutional, and ADA rights," as well as other litigation-related rights. Also, as evidence of the judge's bias, Mestman contended that the judge should have ended the case once she proved that the landlord had lied during testimony. Moreover, Mestman noted her displeasure with the outcome of the proceedings, asserting that the landlord was in violation of local ordinances when he rented living space to her. As relief, Mestman sought a stay of Judge Escandon's orders concerning the eviction and his refusal to recuse.

By order entered June 26, 2014, the District Court granted Mestman's application to proceed in forma pauperis and evaluated her filing for sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B). The District Court concluded that Mestman's claims against Judge Escandon arose entirely out of actions taken in his capacity as a state court judge, for which Judge Escandon was entitled to absolute judicial immunity. Further, the District Court determined that Mestman's requests for relief were barred by the Rooker-Feldman doctrine.[1] Accordingly, the District Court dismissed the matter under § 1915(e)(2)(B). Mestman's appeal followed.[2]

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.[3] Upon review, we conclude that the District Court's dismissal of the complaint under § 1915(e)(2)(B) was appropriate. In essence, Mestman's complaint sought federal court review of Judge

---

[1] The doctrine is derived from Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

[2] Mestman also filed with this Court an emergency motion to stay the eviction order, attaching a copy of an order entered by Judge Escandon staying the execution of the warrant of removal until July 10, 2014. This Court denied her emergency motion to stay eviction and later denied her motion for reconsideration.

[3] The District Court dismissed the complaint without prejudice. A "without prejudice" dismissal typically is not appealable unless the plaintiff cannot amend the complaint or declares the intention to stand on the complaint. See Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam). As we explain below, the Appellant's claims are barred by the principles of absolute judicial immunity and the Rooker-Feldman doctrine, and those bars to relief are not correctable by amendment of the complaint. Thus, we have jurisdiction to review the District Court's dismissal as a final and appealable order. For similar reasons, because amendment of the complaint would have been futile, the District Court did not err by not providing Mestman with an opportunity to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

Escandon's rulings in state court. Such an "appeal" or action is barred by the Rooker-Feldman doctrine. See Exxon Mobil Corp. v. Saudi Basic Industries, Corp., 544 U.S. 280, 284 (2005) (Rooker-Feldman doctrine bars federal court review of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

To the extent that Mestman's complaint included civil rights claims against Judge Escandon, all of the allegations against Judge Escandon relate to the performance of his duties as a judge presiding over the state court matters at issue. It is well-settled that judges are entitled to absolute judicial immunity for actions taken in a judicial capacity, even if a judicial action was taken "in error, was done maliciously, or was in excess of his authority." See Stump v. Sparkman, 435 U.S. 349, 356 (1978). This immunity from suit extends to requests for injunctive relief. See Azubuko v. Royal, 443 F.3d 302, 303-04 (3d Cir. 2006) (42 U.S.C. § 1983 precludes injunctive relief for actions performed in a judge's judicial capacity). Section 1983 contains an exception to judicial immunity concerning declaratory relief, but Mestman does not allege that any such basis for relief exists. We conclude that the doctrine of absolute judicial immunity applies here.

Because no substantial question is presented in this appeal, we will affirm the judgment of the District Court. See Third Circuit LAR 27.4; I.O.P. 10.6.