DLD-032                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3770
_____

CATHY MESTMAN,
                                        Appellant

v.

JUDGE LINDA GRASSO JONES, J.S.C.;
HERBERT FELDMAN

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 3-16-cv-05791)
District Judge:  Honorable Freda L. Wolfson

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 3, 2016
Before:  CHAGARES, VANASKIE and KRAUSE, Circuit Judges

(Filed: November 23, 2016)
_____

OPINION[*]
_____

PER CURIAM

        Cathy Mestman appeals from the District Court's order dismissing her complaint.

We will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

I.

Cathy Mestman has been involved in a number of landlord-tenant disputes in New Jersey state court. In 2014, she filed a federal complaint challenging a state-court order of eviction and named as a defendant the state-court judge who entered it. The District Court dismissed her complaint, and we affirmed on the grounds that it was barred by the Rooker-Feldman doctrine[1] and judicial immunity. See Mestman v. Escandon, 613 F. App'x 202, 203-04 (3d Cir. 2015).

The complaint at issue here concerns a different state-court action. On September 12, 2016, the Honorable Linda Grasso Jones of the New Jersey Superior Court ordered Mestman's ejectment from a condominium owned by Herbert Feldman. Mestman then filed a complaint naming both Feldman and Judge Jones as defendants. Mestman claimed that Feldman is her long-time psychologist, that he agreed to rent his condominium to her, and that he committed perjury when he testified otherwise. She further claimed that Judge Jones is biased against her and violated various court rules and procedures. Mestman did not request any specific relief, but she appeared to seek invalidation of the ejectment order and she complained of injuries allegedly cause by that order (including homelessness and lack of access to belongings in Feldman's condominium).

---

[1] See Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); D.C. Ct. App. v. Feldman, 460 U.S. 462 (1983).

The District Court granted Mestman leave to proceed in forma pauperis, screened her complaint under 28 U.S.C. § 1915(e)(2)(B), and dismissed it for lack of jurisdiction and as barred by judicial immunity. Mestman appeals.[2]

## II.

We will affirm. Like Mestman's previous complaint, this complaint is barred by the <u>Rooker</u>-<u>Feldman</u> doctrine as well. The <u>Rooker</u>-<u>Feldman</u> doctrine deprives district courts of jurisdiction to hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." <u>Great W. Mining & Mineral Co. v. Fox Rothschild LLP</u>, 615 F.3d 159, 164 (3d Cir. 2010) (quoting <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284 (2005)). The <u>Rooker</u>-<u>Feldman</u> doctrine is narrow, but Mestman's complaint fits squarely within it because she complains of injuries caused by a state-court judgment preceding her federal complaint and seeks review and rejection of that judgment.

To the extent that Mestman's complaint can be read to raise any independent civil rights claims against Judge Jones based on her conduct of the ejectment hearing, those claims are barred by judicial immunity. <u>See Mireles v. Waco</u>, 502 U.S. 9, 11-12 (1991);

---

[2] The District Court dismissed Mestman's complaint "without prejudice," but its decision is final because the deficiencies that it identified are not curable by amendment. Thus, we have jurisdiction under 28 U.S.C. § 1291. Our review is plenary. <u>See Allah v. Seiverling</u>, 229 F.3d 220, 223 (3d Cir. 2000).

Capogrosso v. Sup. Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam).  Finally, we cannot discern any conceivable basis for a federal claim against Feldman arising from his alleged perjury.

We have carefully reviewed all of Mestman's filings on appeal.  We are aware of her medical problems, we are sympathetic to her claim that she is currently living out of her car, and we do not doubt that she is experiencing the difficulties that she alleges.  Nevertheless, both the District Court and this Court lack jurisdiction to provide relief from the state court's ejectment order.  We express no opinion on whether Mestman may obtain such relief from the state appellate courts with appellate jurisdiction over her ejectment proceeding.

### III.

For these reasons, we will affirm the judgment of the District Court.  Mestman's pending motions are denied.  We note that Mestman has been calling the Clerk's Office and the Circuit Executive's Office on a daily basis and yelling at and berating their staff.  Due to the abusive nature of her phone calls, Mestman is prohibited from calling the Clerk's Office or any other office of this Court.  Any further communications from Mestman to this Court must be in writing.  Mestman is warned that further abusive conduct and abusive filings may result in sanctions.