**ALD-005**                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 21-2686 & 21-2752
_____

CATHY MESTMAN,
                                        Appellant

v.

RUNAWAY BEACH CONDOMINIUM ASSOCIATION;
JUDGE QUINN; TIFFANY BYCZKOWSKI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-21-cv-16529)
District Judge:  Honorable Freda L. Wolfson
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect
(C.A. Nos. 21-2686 & 21-2752) or Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6 (C.A. No. 21-2752)

Before:  JORDAN, RESTREPO and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed October 15, 2021)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

Cathy Mestman appeals and requests various forms of relief.  We will dismiss C.A. No. 21-2686 and will affirm in C.A. No. 21-2752.  Mestman's motions are denied as discussed herein.

I.

Mestman has a history of asking the federal courts to intervene in New Jersey state-court litigation to which she is a party.  See Mestman v. Jones, 670 F. App'x 752 (3d Cir. 2016); Mestman v. Escandon, 613 F. App'x 202 (3d Cir. 2015).  In this case, Runaway Beach Condominium Association ("RBCA") filed suit against Mestman in New Jersey state court seeking to foreclose on Mestman's condominium for unpaid assessment fees.  A hearing in the state-court action apparently was scheduled for September 4, 2021.  The day before that hearing, Mestman filed the federal action at issue here.  She sought to stay the hearing and requested other relief as discussed below.  As defendants, she named RBCA, a lawyer who represents it in state court, and a judge who has presided over the state-court action (Judge Quinn).

Before the District Court ruled on Mestman's complaint, she filed the purported appeal at C.A. No. 21-2686.  She acknowledged that the District Court had not yet entered any order, but she asked this Court to grant the relief she requested in the first instance and on an emergency basis.  We will dismiss that appeal and deny Mestman's

constitute binding precedent.

2

requests for relief in that proceeding.[1]  The District Court later granted Mestman in forma pauperis status and dismissed her complaint under 28 U.S.C. § 1915(e)(2)(B).  Mestman then appealed from that ruling at C.A. No. 21-2752.

## II.

We have jurisdiction in C.A. No. 21-2752 under 28 U.S.C. § 1291,[2] and we will affirm.  Mestman's complaint requested two forms of relief.  First, she asked the District Court to stay the state-court action pending an appeal of what she claimed were several erroneous state-court decisions.  As the District Court explained, that request is barred by the Anti-Injunction Act, 28 U.S.C. § 2283.  See Williams v. BASF Catalysts LLC, 765 F.3d 306, 325 (3d Cir. 2014).  The Act reflects Congress's judgment that "[p]roceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the United States Supreme] Court."  Atl. Coast Line R.R. Co. v. Bhd. of

---

[1] We lack appellate jurisdiction in C.A. No. 21-2686 because Mestman did not appeal from any District Court order.  We could construe Mestman's notice of appeal as a mandamus petition seeking an order directing the District Court to rule, but such a request would be moot because the District Court has since done so.  For the same reason, Mestman's request that we hear her case in the first instance is moot as well, though there is no basis for that request in any event.

[2] The District Court dismissed all potential claims against Judge Quinn with prejudice but dismissed the remainder of Mestman's complaint without prejudice.  The District Court's order is final despite its "without prejudice" component because the court did not give Mestman leave to amend and because she cannot cure the defects requiring dismissal of her claims for relief.  See Pa. Fam. Institute, Inc. v. Black, 489 F.3d 156, 162-63 & n.4 (3d Cir. 2007).

3

<u>Locomotive Eng'rs</u>, 398 U.S. 281, 287 (1970). Mestman has raised nothing suggesting that this case is any exception.

Second, in addition to seeking a stay of the state-court action pending appeal, Mestman also effectively asked the District Court to hear that appeal. In that regard, she asked the District Court to order the state court to give her more time for discovery and to disqualify Judge Quinn from hearing the case. These requests are properly addressed (if at all) only to the New Jersey appellate courts because neither the District Court nor this Court has jurisdiction to hear an "appeal" from state court. <u>See</u> <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 292 (2005).[3]

In any event, Mestman requests the kind of relief that federal appellate courts can grant if appropriate against lower federal courts by way of mandamus. <u>See</u> 28 U.S.C. § 1651; <u>cf.</u> 28 U.S.C. § 1361 (authorizing District Courts to issue writs of mandamus to federal officers, employees and agencies). But federal courts lack the authority "to issue mandamus to a state judicial officer to control or interfere with state court litigation." <u>In re Campbell</u>, 264 F.3d 730, 731 (7th Cir. 2001) (collecting cases). Once again, Mestman

---

[3] This principle is a foundation of the <u>Rooker</u>-<u>Feldman</u> doctrine. <u>See</u> <u>id.</u> That doctrine does not directly apply here, as it did in Mestman's prior appeals, only because Mestman now takes issue with interlocutory orders in a still-ongoing proceeding. <u>See</u> <u>Malhan v. Sec'y U.S. Dept. of State</u>, 938 F.3d 453, 460 (3d Cir. 2019).

has raised nothing suggesting that this case is any exception. Thus, we will affirm the District Court's dismissal of Mestman's complaint.[4]

## III.

Mestman also requests various other forms of relief in this Court, including appointment of counsel. That request is denied because she has not raised any arguably meritorious issue. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

We discuss only one of her other requests. Mestman has a history of subjecting this Court's staff to abusive and belligerent phone calls that often include profane and disparaging language. Thus, in Mestman's last appeal, we stated: "Due to the abusive nature of her phone calls, Mestman is prohibited from calling the Clerk's office or any other office of this Court. Any further communications from Mestman to this Court must be in writing. Mestman is warned that further abusive conduct and abusive filings may result in sanctions." Mestman, 670 F. App'x at 753.

---

[4] The District Court also held that Mestman did not assert any federal claim against RBCA or its lawyer and that, to the extent that she may have sought to assert a federal claim against Judge Quinn, any such claim was barred by judicial immunity. We agree with these rulings. We further note that our review reveals nothing suggesting that Mestman could state any other plausible claim if given leave to amend. Mestman, for example, asserts as a reason for Judge Quinn's disqualification that he has refused to accommodate her disabilities as allegedly required by the Americans With Disabilities Act ("ADA"). But Mestman has not asserted a claim under the ADA, and she has provided state-court documents describing the numerous accommodations she has been afforded. Nothing in Mestman's complaint or her numerous other filings suggests that she could state a plausible claim for violation of the ADA.

5

Mestman has filed a motion for relief from this directive. While that motion has been pending, our Clerk has allowed Mestman to communicate by phone. Unfortunately, and despite our prior admonition, Mestman has continued to berate and disparage members of our staff. We will not tolerate this kind of disrespectful communication. Thus, Mestman's request for relief from our directive is denied, except that our Clerk is authorized to permit and limit further phone communications as the Clerk deems appropriate. We once again warn Mestman that further abusive conduct or abusive filings may result in sanctions. Such sanctions may include a monetary fine and restrictions on her ability to file documents with this Court.

## IV.

For the foregoing reasons, we will dismiss C.A. No. 21-2686 and will affirm in C.A. No. 21-2752. Mestman's motions are denied except to the extent that we have considered all of her filings and exhibits. Our rulings are without prejudice to Mestman's ability to seek relief from the New Jersey state courts. We express no opinion on whether such relief is available or appropriate.